# IN UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN, on behalf of himself
and all others similarly situated,
2020 Pennsylvania Ave. NW
Suite 800
Washington, DC 20006

and

CHARLES AND MARY ANN STRANGE, on behalf        Civil Action No.: 1:13-cv-00851
of themselves and all others similarly situated,        Judge Richard J. Leon
Philadelphia, Pennsylvania

                     Plaintiffs,
v.

BARACK HUSSEIN OBAMA II,
1600 Pennsylvania Ave. NW
Washington, DC 20500

and

ERIC HIMPTON HOLDER, JR.,
555 Fourth St. NW
Washington, DC 20530

and

KEITH B. ALEXANDER
Director of the National Security Agency,
9800 Savage Rd.
Fort Meade, MD 20755

and

LOWELL C. McADAM,
Chief Executive Officer of Verizon Communications
140 West Street
New York, NY 10007

and

ROGER VINSON,
Judge, U.S. Foreign Intelligence Surveillance Court
950 Pennsylvania Ave. NW
Washington, DC 20530

and

VERIZON COMMUNICATIONS,
140 West Street
New York, NY 10007

and

NATIONAL SECURITY AGENCY,
Director of the National Security Agency,
9800 Savage Rd.
Fort Meade, MD 20755

and

THE U.S. DEPARTMENT OF JUSTICE,
950 Pennsylvania Ave. NW
Washington, DC 20530

                    Defendants.

## CLASS ACTION AMENDED COMPLAINT

Plaintiff, Larry Klayman, a former U.S. Department of Justice prosecutor, and Plaintiffs

Charles and Mary Ann Strange (collectively "Plaintiffs") bring this action on their own behalf

and on behalf of a class of persons defined below. Plaintiffs hereby sue Barack Hussein Obama,

Eric Holder, Keith B. Alexander, Lowell McAdam, Roger Vinson, Verizon Communications, the

U.S. Department of Justice ("DOJ"), and the National Security Agency ("NSA"), (collectively

"Defendants"), in their personal and official capacities, for violating Plaintiffs' constitutional

rights, Plaintiffs' reasonable expectation of privacy, free speech and association, right to be free

of unreasonable searches and seizures, and due process rights, as well as certain common law

claims, for directly and proximately causing Plaintiffs mental and physical pain and suffering

and harm as a result of the below pled illegal and criminal acts. Plaintiffs and members of the

class pled below allege as follows:

## INTRODUCTION

1.  This is an action for violations of the First, Fourth, and Fifth Amendments to the U.S.

    Constitution. This is also an action for violations of privacy, including intrusion upon

    seclusion, freedom of expression and association, due process, and other illegal acts.

    Plaintiffs bring this action on behalf of themselves and all other similarly situated consumers,

    users, and U.S. citizens who are customers and users of Defendant Verizon Communications

    ("Verizon").

2.  This case challenges the legality of Defendants' participation and conduct in a secret and

    illegal government scheme to intercept and analyze vast quantities of domestic telephonic

    communications. Specifically, on June 5, 2013, The Guardian posted a classified order from

    the secretive Foreign Intelligence Surveillance Court directing Verizon to turn over, "on an

    ongoing daily basis," the following tangible things: "All call detail records or "telephony

    metadata" created by Verizon for communications (i) between the United States and abroad;

    or (ii) wholly within the United States, including local telephone calls."

3.  This would give the NSA over one hundred millions phone records on a daily basis. The

    information would also include a list of all the people that Verizon customers call and who

    called them; how long they spoke; and perhaps, where they were on a given day. Further,

    there is nothing in the order requiring the government to destroy the records after a certain

    amount of time nor is there any provisions limiting who can see and hear the data.

4.   The order, issued and signed by Judge Roger Vinson, violates the U.S. Constitution and also

    federal laws, including, but not limited to, the outrageous breach of privacy, freedom of

    speech, freedom of association, and the due process rights of American citizens.

5. This surveillance program was authorized and ordered by the President and primarily undertaken by the NSA and the other Defendants, intercepting and analyzing the communication of hundreds of millions of Americans. Prior to this disclosure and revelation, Plaintiffs and class members had no reasonable opportunity to discover the existence of the surveillance program or the violation of the laws alleged herein.

6. Defendant Verizon maintains domestic telecommunications facilities over which hundreds of millions of Americans' telephone communications pass every day. They also manage some of the largest databases in the world containing records of most or all communications made through their myriad telecommunications services and operations.

7. Defendant Verizon has opened its key telecommunication databases to direct access by the NSA and/or other government agencies, intercepting and disclosing to the government the contents of its customers as well as detailed communication records over one hundred million of its customers, including Plaintiffs and class members. On information and belief, Defendant Verizon continues to assist the government in its secret surveillance of over one hundred million of ordinary Americans citizens just on a daily basis.

8. Plaintiffs and members of the class are suing for declaratory relief, damages, and injunctive relief to stop this illegal conduct and hold Defendants, individually and collectively, responsible for their illegal collaboration in the surveillance program, which has violated the law and damaged the fundamental freedoms of American citizens.

## THE PARTIES

9. Plaintiff Larry Klayman is an individual and an attorney who is a subscriber and user of Verizon Wireless at all material times. In fact, on information and belief, Plaintiff Larry Klayman has been a subscriber and user of Verizon Wireless for many years. Plaintiff Larry Klayman resided in the District of Columbia ("D.C") for over twenty years and continues to

conduct business in Washington, D.C. as the Chairman and General Counsel of Freedom

Watch and otherwise. Plaintiff Larry Klayman is a public advocate and has filed lawsuits

against President Obama and has been highly critical of the Obama administration as a

whole. On information and belief, Defendants have accessed the records pertaining to

Plaintiff Larry Klayman pursuant to the Order issued by Defendant Vinson in addition to

accessing his telephone conversations.

10. Plaintiffs Charles and Mary Ann Strange are the parents of Michael Strange, a member of

Navy SEAL Team VI who was killed when the helicopter he was in was attacked and shot

down by terrorist Taliban jihadists in Afghanistan on August 6, 2011. On information and

belief, Defendants have accessed Plaintiffs Charles and Mary Ann Strange's phone records

particularly since these Plaintiffs have been vocal about their criticism of President Obama as

commander-in-chief, his administration, and the U.S. military regarding the circumstances

surrounding the shoot down of their son's helicopter in Afghanistan, which resulted in the

death of their son and other Navy Seal Team VI members and special operation forces.

Plaintiffs Charles and Mary Ann Strange have substantial connections with Washington,

D.C., as they hold press conferences in Washington, D.C. and lobby in Washington, D.C. as

an advocate for their son and to obtain justice for him, as well as to change the policies and

orders of President Obama and the U.S. military's acts and practices, which contributed to

their son's death.

11. Defendant Barack Hussein Obama ("Obama") is the President of the United States and

currently resides in Washington, D.C.

12. Defendant Eric Holder ("Holder") is the Attorney General of the United States and conducts

his duties as the Attorney General in Washington, D.C.

13. The National Security Agency ("NSA") is an intelligence agency of the U.S. Department of Defense and conduct its duties in Washington, D.C.

14. Defendant Keith B. Alexander ("Alexander") is the Director of the National Security Agency. He is also the commander of the U.S. Cyber Command, where he is responsible for planning, coordinating, and conducting operations of computer networks. He is also at the command for U.S. National Security Information system protection responsibilities. He conducts his duties for the National Security Agency in Washington, D.C.

15. The U.S. Department of Justice ("DOJ") is a U.S. federal executive department responsible for the enforcement of the law and administration of justice, and its headquarters is located in Washington, D.C., where it conducts most of its activities and business.

16. Defendant Lowell C. McAdam ("McAdam") is the Chief Executive Officer of Verizon Communications.

17. Defendant Roger Vinson ("Vinson") is a judge to the U.S. Foreign Intelligence Surveillance Court.

18. Defendant Verizon Communications ("Verizon") is an American broadband and telecommunications company. Defendant Verizon is a Delaware corporation with its principal place of business in New York. Defendant Verizon, at all material times, conducted business in Washington, D.C., including maintaining business offices in D.C., advertising in D.C., and conducting lobbying activities in D.C. Defendant is a telecommunication carrier, and offers electronic communications service(s) to the public and remote commuting service(s). Defendant Verizon is responsible, along with the other Defendants, for the illegal acts alleged herein and Defendant Verizon and the other Defendants proximately caused the injuries to Plaintiffs and class members herein alleged.

19. All of these Defendants, each and every one of them, jointly and severally, acted in concert to violate the constitutional privacy rights, free speech, freedom of association, due process and other legal rights of Plaintiffs and all other American citizens similarly situated who are members of the classes pled herein.

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331 (Federal Question Jurisdiction).

21. Jurisdiction and venue are proper pursuant to 28 U.S.C. §1331, which states in pertinent part, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." At issue here is the unconstitutional violation of Plaintiffs' rights under the First, Fourth, and Fifth Amendments to the U.S. Constitution.

22. Supplemental jurisdiction is also proper under 28 U.S.C. §1367, which states in pertinent part, " . . .in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

23. Plaintiffs are informed, believes and thereon alleges that, based on the places of business of the Defendants and/or on the national reach of Defendants, a substantial part of the events giving rise to the claims herein alleged occurred in this district and that Defendants and/or agents of Defendants may be found in this district.

## STANDING

24. Plaintiffs and members of the class bring this action because they have been directly affected, victimized and severely damaged by the unlawful conduct complained herein. Their injuries

are proximately related to the egregious, illegal and criminal acts of Defendants Obama,

Holder, Alexander, McAdam, Vinson, Verizon, the DOJ, and the NSA, each and every one

of them, jointly and severely.

## STATEMENT OF FACTS

25. The NSA began a classified surveillance program to intercept the telephone communications

of persons inside the United States, a program that continues to this date. The U.S.

government, on the orders authorization of the President, the Attorney General, the DOJ and

the NSA, has obtained a top secret court order that directs Verizon to turn over the telephone

records of over one hundred million Americans to the NSA on an ongoing daily basis.

26. On April 25, 2013, Defendant Judge Roger Vinson, acting in his official and personal

capacities and under the authority of Defendant Obama, his Attorney General and the DOJ,

ordered that the Custodian of Records shall produce the production of tangible things from

Verizon Business Network Services, Inc. on behalf of MCI Communication Services Inc,

individually and collectively, to the NSA and continue production on an ongoing daily basis

thereafter.

27. Defendant Vinson ordered access to electronic copies of the following tangible things: all

call detail records or "telephony metadata" created by Verizon for communications (i)

between the United States and abroad; or (ii) wholly within the United States, including local

telephone calls. Telephony metadata includes comprehensive communications routing

information, including but not limited to session identifying information (e.g. originating and

terminating telephone number, International Mobile Subscriber Identity (IMSI) number,

International Mobile station Equipment Identity (IMEI) number, etc.) trunk identifier,

telephone calling card numbers, and time and duration of call.

28. Defendant Vinson's Order requires Verizon to turn over originating and terminating telephone numbers as well as the location, time, and duration of the calls. In essence, the Order gives the NSA blanket access to the records of over a hundred million of Verizon customers' domestic and foreign phone calls made between April 25, 2013, when the Order was signed, and July 19, 2013, when the Order is supposed to, on its face, expire.

29. Defendant Vinson, in an attempt to keep his illegal acts and those of other Defendants as a secret, further ordered that no person shall disclose to any other person that the FBI or NSA has sought or obtained tangible things under his order.

30. Based on knowledge and belief, this Order issued by Defendant Vinson is the broadest surveillance order to ever have been issued; it requires no level of reasonable suspicion or probable cause and incredibly applies to all Verizon subscribers and users anywhere in the United States and overseas.

31. Defendant Vinson's Order shows for the first time that, under Defendant Obama's administration, the communication records of over one hundred million of U.S. citizens are being collected indiscriminately and in bulk - regardless of whether there is reasonable suspicion or any "probable cause" of any wrongdoing.

32. On June 5, 2013, The Guardian published an article entitled, "NSA collecting phone records of millions of Verizon customers daily. Exclusive: Top secret court order requiring Verizon to hand over all call data shows scale of domestic surveillance under Obama."

33. Since June 5, 2013, Defendants Obama, Holder, Alexander, McAdan, Vinson, Verizon, the DOJ, and the NSA have been widely condemned among American citizens regarding their failure to uphold the U.S. Constitution and intentionally violating the fundamental rights of Plaintiffs, members of the class, and over one hundred million of other Americans.

34. As just one example, Senator Rand Paul called the surveillance of Verizon phone records "an astounding assault on the constitution," and has called for a class action lawsuit such as this one.

35. In fact, the news of Judge Vinson's Order comes as the Obama administration is under fire following revelations that the DOJ has seized two months of telephone records of a number of Associated Press' reporters and editors, claiming that the requests were part of an investigation into the leak of classified information, as well as the telephone records and emails of reporters and management of Fox News. This is thus a pattern of egregious ongoing illegal, criminal activity.

36. Such schemes by the Defendants in concert with the government have subjected untold number of innocent people to the constant surveillance of government agents. As Jameel Jaffeer, the ACLU's deputy legal director, stated, "It is beyond Orwellian, and it provides further evidence of the extent to which basic democratic rights are being surrendered in secret to the demands of unaccountable intelligence agencies."

37. To date, Defendants have not issued substantive and meaningful explanations to the American people describing what has occurred. To the contrary, criminal charges are reportedly being pursued by Defendants Obama, Holder, the DOJ, and the NSA against the leakers of this plot against American citizens in a further effort suppress, obstruct justice, and to keep Defendants' illegal actions as secret as possible.

## CLASS ACTION ALLEGATIONS

38. Pursuant to Federal Rules of Civil Procedure, Rule 23(a) and Rule 23(b), Plaintiffs brings this action on behalf of themselves and a nationwide class (the "Nationwide Class") of similarly situated persons defined as: All American citizens in the United States and overseas

who are current subscribers or customers of Defendant Verizon's telephone services at any material time, including but not limited to, April 25, 2013 to July 19, 2013.

39. Plaintiffs also bring this action on behalf of themselves and other American citizens who, in addition to being members of the Nationwide Class, had their telephone calls actually recorded and/or listened into by or on behalf of Defendants (the "Subclass").

40. The Nationwide Class and Subclass seek certification of claims for declaratory relief, injunctive relief and damages pursuant to 18 U.S.C. §2707.

41. Excluded from the Nationwide Class and the Subclass are the officers, directors, and employees of Defendant Verizon, the legal representatives, heirs, successors, and assigns of Defendants, and all judges who may ever adjudicate this case.

42. This action is brought as a class action and may be so maintained pursuant to the provisions of the Federal Rules of Civil Procedure, Rule 23. Plaintiffs reserve the right to modify the Nationwide Class and Subclass definitions and the class period based on the results of discovery.

43. **<u>Numerosity of the Nationwide Class:</u>** The National Class and the Subclass (collectively referred to below as the "Class") are so numerous that the individual joinder of all members, in this or any action is impracticable. The exact number or identification of Class members is presently unknown to Plaintiffs, but it is believed that the Class numbers over a hundred million citizens. The identity of Class members and their addresses may be ascertained from Defendants' records. Class members may be informed of the pendency of this action by a combination of direct mail and public notice, or other means, including through records possessed by Defendants.

44. **Commonality:** There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class. These common legal and factual questions include:

      a. Whether Defendants have divulged subscriber information or other records pertaining to Class members in violation of 18 U.S.C. §2702(a)(3), or are currently doing so;

      b. Whether Plaintiffs and Class members are entitled to recover compensatory, statutory and punitive damages, whether as a result of Defendants' illegal conduct, and/or otherwise;

      c. Whether Plaintiffs and Class members are entitled to declaratory, injunctive and/or equitable relief; and

      d. Whether Plaintiffs and Class members are entitled to an award of reasonable attorneys' fees, pre-judgment interest, and costs of this suit.

45. **Typicality:** Plaintiffs' claims are typical of the claims of the members of the Class because Plaintiffs and the Class members are or were a subscriber to the telephone services of Defendant Verizon. Plaintiffs and all members of the Class have similarly suffered harm arising from Defendants' violations of law, as alleged herein.

46. **Adequacy:** Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the members of the Class they seek to represent. Plaintiffs intend to prosecute this action vigorously. Plaintiffs will fairly and adequately protect the interest of the members of the Class.

47. This suit may also be maintained as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) because Plaintiffs and the Class seek declaratory and injunctive relief, and all of the above factors of numerosity, common questions of fact and law, typicality and adequacy are present. Defendants have acted on grounds generally applicable to Plaintiffs and the Class as a whole, thereby making declaratory and/or injunctive relief proper.

48. **Predominance and Superiority:** This suit may also be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3) because questions of law and fact common to the Class predominate over the questions affecting only individual members of the Class and a class action is superior to other available means for the fair and efficient adjudication of this dispute. The damages suffered by each individual Class member, depending on the circumstances, may be relatively small or modest, especially given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct. Furthermore, it would be virtually impossible for the Class members, on an individual basis, to obtain effective redress for the wrongs done to them. Moreover, even if Class members themselves could afford such individual litigation, the court system could not. Individual litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expenses to all parties and the court system presented by the complex legal issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

### FIRST CLAIM FOR RELIEF
**(Fifth Amendment Violation – Defendants Obama, Holder, Alexander, and Vinson)**
**(Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics)**

49. Plaintiffs and the members of the Class repeat and reallege all of the previous allegations in paragraphs 1 through 48 of this Amended Complaint with the same force and affect, as if fully set forth herein again at length.

50. Plaintiffs and the members of the Class enjoy a liberty interest in their personal security and in being free from the Defendants' and the government's use of unnecessary and excessive force or intrusion against his person.

51. Plaintiffs and the members of the Class enjoy a liberty of not being deprived of life without due process of law, as guaranteed by the Fifth Amendment to the U.S. Constitution.

52. Defendants Obama, Holder, Alexander, the DOJ, and the NSA violated Plaintiffs' and the Class members' constitutional rights when they caused Defendant Vinson's order to be illegally granted, thereby giving the government and themselves unlimited authority to obtain telephone data for a specified amount of time.

53. By reason of the wrongful conduct of the Defendants, each and every one of them, jointly and severally, Plaintiffs and members of the Class suffered and continue to suffer from severe emotional distress and physical harm, pecuniary and economic damage, loss of services, and loss of society accordingly.

54. These violations are compensable under *Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). As a direct and proximate result of the intentional and willful actions of Defendants Obama, Holder, and Alexander, and Vinson, Plaintiffs and members of the Class demand judgment be entered against Defendants Obama, Holder, and Alexander, and Vinson, each and every one of them, jointly and severally, including an award of compensatory and actual damages, punitive damages, equitable relief, reasonable attorneys fees, pre-judgment interest, post-interest and costs, and an award in an amount in excess of $3 billion U.S. dollars, and such other relief as the Court may deem just and proper. Plaintiffs and the members of the Class demand declaratory and injunctive and other equitable relief against all of Defendants as set forth below.

## SECOND CLAIM FOR RELIEF
**(First Amendment Violation - Defendants Obama, Holder, Alexander, and Vinson)**
**(Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics)**

55. Plaintiffs and members of the Class repeat and reallege all of the previous allegations in paragraphs 1 through 54 of this Amended Complaint with the same force and affect, as if fully set forth herein again at length.

56. Defendants Obama, Holder, Alexander, and Vinson, acting in their official capacity and personally, abridged and violated Plaintiffs' and Class members' First Amendment right of freedom of speech and association by significantly minimizing and chilling Plaintiffs' and Class members' freedom of expression and association.

57. Defendants Obama, Holder, Alexander, and Vinson's acts chill, if not "kill," speech by instilling in Plaintiffs, members of the Class, and over a hundred million of Americans the fear that their personal and business conversations with other U.S. citizens and foreigners are in effect tapped and illegally surveyed.

58. In addition, Defendants Obama, Holder, Alexander, and Vinson, acting in their official capacity and personally, violated Plaintiffs' and Class members' right of freedom of association by making them and others weary and fearful of contacting other persons and entities via cell phone out of fear of the misuse of government power and retaliation against these persons and entities who challenge the misuse of government power.

59. By reason of the wrongful conduct of these Defendants, Plaintiffs and members of the Class suffered and continue to suffer from severe emotional distress and physical harm, pecuniary and economic damage, loss of services, and loss of society accordingly.

60. These violations are compensable under *Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

61. As a direct and proximate result of the intentional and willful actions of Defendants Obama, Holder, and Alexander, and Vinson, Plaintiffs and members of the Class demand that

judgment be entered against Defendants Obama, Holder, and Alexander, and Vinson, each

and every one of them, jointly and severally, including an award of compensatory and actual

damages, punitive damages, equitable relief, reasonable attorneys fees, pre-judgment interest,

post-interest and costs, and an award in an amount in excess of $3 billion U.S. dollars and

such other relief as the Court may deem just and proper.

### THIRD CLAIM FOR RELIEF
**(Fourth Amendment Violation - Defendants Obama, Holder, Alexander, and Vinson)**
**(Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics)**

62. Plaintiffs and members of the Class repeat and reallege all of the previous allegations in

paragraphs 1 through 61 of this Amended Complaint with the same force and affect, as if

fully set forth herein again at length.

63. The Fourth Amendment provides in pertinent part that people have a right to be secure in

their persons against unreasonable searches and seizures, that warrants shall not be issued but

upon probable cause, and that the place of search must be described with particularity.

64. Defendants Obama, Holder, Alexander, and Vinson, acting in their official capacities and

personally, violated the Fourth Amendment to the U.S. Constitution when they unreasonably

searched and seized and continue to search Plaintiffs' and Class members' phone records and

millions of innocent U.S. citizens' records without reasonable suspicion or probable cause.

65. Defendants Obama, Holder, and Alexander, and Vinson, acting in their official capacity and

personally, violated the Fourth Amendment to the U.S. Constitution by not describing with

particularity the place to be searched or the person or things to be seized.

66. In fact, the blanket and vastly overbroad order issued by Defendant Vinson, acting on behalf

of the federal government and therefore Defendant Obama as he is the chief executive of the

federal government, as well as the other Defendants, does not state with any particularity who and what may be searched.

67. The collection and production of the phone records allows Defendant NSA to build easily and indiscriminately a comprehensive picture and profile of any individual contacted, how and when, and possibly from where, retrospectively and into the future.

68. By reason of the wrongful conduct of Defendants Obama, Holder, Alexander, and Vinson, Plaintiffs and members of the Class suffered and continue to suffer from severe emotional distress and physical harm, pecuniary and economic damage, loss of services, and loss of society accordingly.

69. These violations are compensable under *Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). As a direct and proximate result of the intentional and willful actions of Defendants Obama, Holder, and Alexander, and Vinson, Plaintiffs and members of the Class demand judgment be entered against Defendants Obama, Holder, and Alexander, and Vinson, each and every one of them, jointly and severally, including an award of compensatory and actual damages, punitive damages, equitable relief, reasonable attorneys fees, pre-judgment interest, post-interest and costs, and an award in an amount in excess of $3 billion U.S. dollars and such other relief as the Court may deem just and proper.

**FOURTH CLAIM FOR RELIEF**
**(Intentional Infliction of Emotional Distress - Each and Every Defendant)**

70. Plaintiffs and members of the Class repeat and reallege all of the previous allegations in paragraphs 1 through 69 of this Amended Complaint with the same force and affect, as if fully set forth herein again at length.

71. Defendants Obama, Holder, Alexander, McAdam, Vinson, Verizon, the DOJ, and the NSA's willful acts constitute outrageous conduct insofar as they violated Plaintiffs' and Class

members' basic democratic rights, constitutional rights, and exposed them to beyond an "Orwellian regime of totalitarianism."  Plaintiffs' and Class members' rights are being surrendered in secret to the demands of unaccountable intelligence and other government agencies, as well as all of the Defendants.

72. Defendants Obama, Holder, Alexander, McAdam, Vinson, Verizon, the DOJ, and the NSA intended to cause Plaintiffs and members of the Class emotional distress and physical harm and acted in reckless disregard causing Plaintiffs and members of the Class emotional distress by committing these acts. The only purpose of this outrageous and illegal conduct is to intimidate American citizens and keep them from challenging a tyrannical administration and government presently controlled by the Defendants, a government which seeks to control virtually every aspect of Plaintiffs, members of the Class, and other American's lives, to further its own, and Defendants "agendas."

73. Defendants Obama, Holder, Alexander, and Vinson were agents of the United States and acted personally when they committed these acts.

74. As a direct and proximate result of Defendants Obama, Holder, Alexander, McAdam, Vinson, Verizon, the DOJ, and the NSA's acts, Plaintiffs and members of the Class suffered and Plaintiffs and members of the Class continue to suffer mental anguish, and severe emotional distress and physical harm.

75. By reason of the wrongful conduct of Defendants Obama, Holder, Alexander, Vinson, McAdam, Verizon, the DOJ, and the NSA, Plaintiffs and members of the Class suffered and continue to suffer from severe emotional distress and physical harm, pecuniary and economic damage, loss of services, and loss of society accordingly.

76. Plaintiffs and members of the Class demand that judgment be entered against Defendants Obama, Holder, Alexander, McAdam, Vinson, Verizon, the DOJ, and the NSA, each and every one of them, jointly and severally, including an award of compensatory and actual damages, punitive damages, equitable relief, reasonable attorneys fees, pre-judgment interest, post-interest, costs, and an award in an amount in excess of $3 billion U.S. dollars and such other relief as the Court may deem just and proper.

## FIFTH CLAIM FOR RELIEF
### (Intrusion Upon Seclusion - Each and Every Defendant)

77. Plaintiffs and members of the Class repeat and reallege all of the previous allegations in paragraphs 1 through 76 of this Amended Complaint with the same force and effect, as if fully set forth herein again at length.

78. Defendants Obama, Holder, Alexander, McAdam, Vinson, Verizon, the DOJ, and the NSA intentionally intruded upon the solitude and seclusion of Plaintiffs and members of the Class in their private affairs and concerns in a highly offensive way, and are liable for the invasion of Plaintiffs' and Class members' privacy.

79. Defendants Obama, Holder, Alexander, McAdam, Vinson, Verizon, the DOJ, and the NSA intruded upon the seclusion of Plaintiffs and members of the Class when they unreasonably and without probable cause obtained access to Plaintiffs' and Class members' phone records including but not limited to their location data, call duration, unique identifiers, and the time and duration of his calls, and on information and belief, listened into and recorded calls. Defendants, Holder, Alexander, McAdam, Vinson, Verizon, the DOJ, and the NSA's acts are highly offensive to a reasonable person. Therefore, Defendants are liable for their intrusion.

80. By reason of the wrongful conduct of Defendants Obama, Holder, Alexander, Vinson, McAdam, Verizon, the DOJ, and the NSA, Plaintiffs and members of the Class suffered and

continue to suffer from severe emotional distress and physical harm, pecuniary and economic

damage, loss of services, and loss of society accordingly. Plaintiffs, and other members of the

Class, demand that judgment be entered against Defendants Obama, Holder, Alexander,

McAdam, Vinson, Verizon, the DOJ, and the NSA, each and every one of them, jointly and

severally, for violating their constitutional rights, subjecting them to unreasonable searches

and seizures, and on intrusion upon seclusion, including an award of compensatory and

actual damages, punitive damages, equitable relief, reasonable attorneys fees, pre-judgment

interest, post-interest, costs, and an award in an amount in excess of $3 billion U.S. dollars

and such other relief as the Court may deem just and proper.

**SIXTH CLAIM FOR RELIEF**
**(Divulgence of Communication Records in Violation of**
**18 U.S.C. §§2702(a)(1) and/or (a)(2) – Defendant Verizon and Defendant McAdam**
**Referred in this Count as "Defendants")**

81. Plaintiffs and members of the Class repeat and reallege all of the previous allegations in

paragraphs 1 through 80 of this Amended Complaint with the same force and effect, as if

fully set forth herein again at length.

82. In relevant part, 18 U.S.C. §2702 provides that:

"(a) Prohibitions. – Exception as provided in subsection (b) – (1) a person or entity
providing an electronic communication service to the public shall not knowingly
divulge to any person or entity the contents of a communication while in electronic
storage by that service; and (2) a person or entity providing remote computing service
to the public shall not knowingly divulge to any person or entity the contents of any
communication which is carried or maintained on that service – (A) on behalf of, and
received by means of electronic transmission from (or created by means of computer
processing of communications received by means of electronic transmission from), a
subscriber or customer of such service; (B) solely for the purpose of providing
storage or computer processing services to such subscriber or customer, if the
provider is not authorized to access the contents of any such communication for
purposes of providing any services other than storage or computer processing…"

83. On information and belief, Defendants knowingly or intentionally divulged to one or more persons or entities the contents of Plaintiffs' and Class members' records.

84.  Communication while in electronic storage by Defendant's electronic communication service and/or while carried or maintained by Defendants' remote computing service, in violation of 18 U.S.C. §§2702(a)(1) and/or (a)(2).

85. Defendants did not notify Plaintiffs or Class members of the divulgence of their communications, nor did Plaintiffs or Class members consent to such.

86. On information and belief, Defendants are now engaging in and will continue to engage in the above-described divulgence of Plaintiffs' and Class members' communications while in electronic storage by Defendants' electronic communication service(s), and/or while carried or maintained by Defendants' remote computing service(s), and that likelihood represents a credible threat of immediate future harm. Plaintiffs and Class members additionally seek a declaration pursuant to 28 U.S.C. §2201 that Defendants' action violated 18 U.S.C. §2702, and seek reasonable attorneys' fees pursuant to 28 U.S.C. §2202.

87. Plaintiffs and Class members have been and are aggrieved by Defendants' above-described knowing or intentional divulgence of records or other information pertaining to Plaintiffs and Class members.

88. Pursuant to 18 U.S.C. §2707, which provides a civil action for any person aggrieved by knowing or intentional violation of 18 U.S.C. §2702, Plaintiffs and Class members seek such preliminary and other equitable or declaratory relief as may be appropriate; monetary damages for each aggrieved Plaintiffs or Class member; punitive damages as the Court considers just; and reasonable attorneys' fees and other litigation costs reasonably incurred.

**SEVENTH CLAIM FOR RELIEF**

**(Divulgence of Communication Records in Violation of**
**18 U.S.C. §§2702(a)(1) and/or (a)(2) –Defendant Verizon and Defendant McAdam Referred**
**in this Count as "Defendants")**

89. Plaintiffs and members of the Class repeat and reallege all of the previous allegations in

paragraphs 1 through 88 of this Amended Complaint with the same force and effect, as if

fully set forth herein again at length.

90. In relevant part, 18 U.S.C. §2702 provides that:

> "(a) Prohibitions. – Exception as provided in subsection (b) – (3) a provider of remote
> computing service or electronic communication service to the public shall not knowingly
> divulge a record or other information pertaining to a subscriber to or customer of such
> service (not including the contents of communications covered by paragraph (1) or (2) to
> any governmental entity.

91. On information and belief, Defendants, providers of remote computing service and electronic

communication services to the public, knowingly or intentionally divulged records or other

information pertaining to Plaintiffs and Class members to a governmental entity in violation

of 18 U.S.C. §2702(a)(3).

92. On information and belief, Defendants knowingly or intentionally divulged to one or more

persons or entities the contents of Plaintiffs' and Class members' records.

93. On information and belief, Defendants are now engaging in and will continue to engage in

the above-described knowing or intentional divulgence of Plaintiffs' and Class members'

communications while in electronic storage by Defendant Verizon's electronic

communication service(s), and/or while carried or maintained by Defendant Verizon's

remote computing service(s), and that likelihood represents a credible threat of immediate

future harm. Plaintiffs and Class members additionally seek a declaration pursuant to 28

U.S.C. §2201 that Defendants' action violated 18 U.S.C. §2702, and seek reasonable

attorneys' fees pursuant to 28 U.S.C. §2202.

22

94. Plaintiffs and Class members have been and are aggrieved by Defendants' above-described knowing or intentional divulgence of records or other information pertaining to Plaintiffs and Class members.

95. Pursuant to 18 U.S.C. §2707, which provides a civil action for any person aggrieved by knowing or intentional violation of 18 U.S.C. §2702, Plaintiffs and Class members seek such preliminary and other equitable or declaratory relief as may be appropriate; monetary damages for each aggrieved Plaintiffs or Class members; punitive damages as the Court considers just; and reasonable attorneys' fees and other litigation costs reasonably incurred.

## PRAYER FOR RELIEF

96. Plaintiffs and Class members demand that judgment be entered against Defendants Obama, Holder, Alexander, McAdam, Vinson, Verizon, the DOJ, and the NSA, each and every one of them, jointly and severally, for compensatory and actual damages because of Defendants Obama's, Holder's, Alexander's, McAdam's, Vinson's, Verizon's, the DOJ's, and the NSA's illegal actions causing this demonstrable injury to Plaintiffs and Class members, punitive damages because of Defendant Obama's, Holder's, Alexander's, McAdam's, Vinson's, Verizon's, the DOJ's, and the NSA's callous, reckless indifference and malicious acts, and attorneys fees and costs in an amount in excess of $3 billion U.S. dollars and such other relief the Court may deem just and proper.

97. Plaintiffs and Class members demand declaratory, equitable and injunctive relief for their injuries in the following ways: (1) a cease and desist order to prohibit this type of illegal and criminal activity against Plaintiffs, Class members, and other U.S. citizens from occurring now and in the future; (2) that all Plaintiffs' and Class members' phone records and information be returned to Verizon and expunged from federal government records; (3) a full

disclosure and a complete accounting of what each Defendant and government agencies as a whole have done and allowed the DOJ and NSA to do; (4) that the egregious misconduct of Judge Roger Vinson be forwarded to judicial and other law enforcement authorities for appropriate disciplinary and other appropriate legal proceedings for violating the law and his oath of office to protect and to uphold the U.S. Constitution.

## **JURY DEMAND**

**Plaintiffs respectfully demands a jury trial on all issues so triable.**


Dated: June 10, 2013                    Respectfully submitted,


                                        */s/ Larry Klayman*

                                        Larry Klayman, Esq.
                                        General Counsel
                                        Freedom Watch, Inc.
                                        D.C. Bar No. 334581
                                        2020 Pennsylvania Ave. NW, Suite 345
                                        Washington, DC 20006
                                        Tel: (310) 595-0800
                                        Email: leklayman@gmail.com
                                        Attorney for Himself, Pro Se, Plaintiffs and the Class