**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LARRY E. KLAYMAN, CHARLES STRANGE, and MARY ANNE STRANGE, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>            v.<br><br>BARACK HUSSEIN OBAMA, ERIC HIMPTON HOLDER, JR., KEITH B. ALEXANDER, LOWELL C. MCADAM, ROGER VINSON, VERIZON COMMUNICATIONS, NATIONAL SECURITY AGENCY, and U.S. DEPARTMENT OF JUSTICE,<br><br>           Defendants. | No. 1:13-cv-00851-RJL |

**VERIZON DEFENDANTS' OPPOSITION TO PLAINTIFFS'**
**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendants Verizon Communications Inc. and Lowell C. McAdam ("Verizon Defendants")[1] respectfully oppose Plaintiffs' Motion for Leave to File a Second Amended Complaint (Dkt. No. 33) to the extent that motion applies to the Verizon Defendants. A proposed "amendment [under Rule 15(a)(2)] should not be permitted if it would be futile." *Virtue v. Int'l Bhd. of Teamsters Ret. & Family Protec. Plan*, 893 F. Supp. 2d 46, 48 (D.D.C. 2012); *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996) ("Courts may deny a motion to amend a complaint as futile[.]"). Plaintiffs' proposed Second Amended Complaint

---

[1] There is no personal jurisdiction over the Verizon Defendants in this district. The Verizon Defendants therefore reserve the right to challenge personal jurisdiction in their response to Plaintiffs' amended complaint. The Verizon Defendants do not, by opposing Plaintiffs' procedural motion, concede personal jurisdiction.

seeks to add an eighth claim under the Administrative Procedure Act ("APA") against "[e]ach and [e]very Defendant." Dkt. No. 33-1 at 23-24. With respect to the Verizon Defendants, such a claim would be futile.[2]

The APA applies only to federal government "agenc[ies]." 5 U.S.C. § 702 (providing right to judicial review to those injured "because of *agency* action" (emphasis added)); *id.* § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."); *see also Geronimo v. Obama*, 725 F. Supp. 2d 182, 186 (D.D.C. 2010) ("[F]or a claim to arise under the APA, an individual must allege action on the part of an agency[.]"); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990). Here, of course, neither Verizon Communications Inc. nor Mr. McAdam is a federal "agency" or officer. Accordingly, the Verizon Defendants are not covered by the APA, and Plaintiffs' APA claim against the Verizon Defendants would necessarily fail as a matter of law. *See McKinney v. Caldera*, 141 F. Supp. 2d 25, 34-35 (D.D.C. 2001) (granting motion to dismiss the plaintiff's APA claim against the Judge Advocate General after concluding that the JAG was "not an 'agency' for the purposes of the APA"); *see also Dong v. Smithsonian Inst.*, 125 F.3d 877, 882 (D.C. Cir. 1997) (holding in case under the Privacy Act that "private organization[s]" are not authorities of the U.S. government).

Because Plaintiffs' proposed amendment would add a claim against the Verizon Defendants that is futile, this Court should deny the Plaintiffs leave to amend to add that claim against the Verizon Defendants.

---

[2]   The claims asserted against the Verizon Defendants in Plaintiffs' First Amended Complaint are equally futile. Because Plaintiffs did not require leave of court to file those claims, the Verizon Defendants will address those separate flaws in their motion to dismiss.

Dated: November 21, 2013				Respectfully submitted,

						/s/ Brian M. Boynton
						Randolph D. Moss (D.C. Bar No. 417749)
						Brian M. Boynton (D.C. Bar. No. 483187)
						WILMER CUTLER PICKERING HALE AND DORR LLP
						1875 Pennsylvania Avenue, NW
						Washington, DC 20006
						Tel.: (202) 663-6000
						Fax: (202) 663-6363
						randolph.moss@wilmerhale.com

						*Counsel for the Verizon Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2013, I filed the foregoing document with the Clerk of Court for the United States District Court for the District of Columbia using the Court's CM/ECF system, which caused notice of the filing to be served upon all counsel of record.

/s/ Brian M. Boynton
Brian M. Boynton