**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
LARRY KLAYMAN, *et al.*,                 )
                                                    )
                            Plaintiffs,       )            Civil Action No.
                                                    )            1:13-cv-00851-RJL
            v.                                     )
                                                    )
BARACK OBAMA, President of the      )
    United States, *et al.*,                    )
                                                    )
                            Defendants.      )
_____)
                                                    )
LARRY KLAYMAN, *et al.*,                 )
                                                    )
                            Plaintiffs,       )            Civil Action No.
                                                    )            1:13-cv-00881-RJL
            v.                                     )
                                                    )
BARACK OBAMA, President of the      )
    United States, *et al.*,                    )
                                                    )
                            Defendants.      )
_____)

**MOTION FOR STAY OF PROCEEDINGS AGAINST THE GOVERNMENT
  DEFENDANTS PENDING APPEAL OF PRELIMINARY INJUNCTION**

The Government Defendants[1] hereby move for a stay of proceedings against them in both

of the above-captioned actions, pending resolution of their appeal to the D.C. Circuit from the

preliminary injunction entered by this Court on December 16, 2013, in *Klayman v. Obama*, No.

1:13-cv-00851-RJL (*Klayman I*).  A stay would avoid the expenditure of time and resources on

further proceedings in this Court that may be rendered unnecessary by the Court of Appeals'

ruling.

_____

[1] Defendants Barack Obama, President of the United States, Eric Holder, Attorney
General of the United States, and General Keith B. Alexander, Director of the National Security
Agency (NSA), insofar as they are sued in their official capacities, together with defendants NSA
and the United States Department of Justice (DOJ).

The Government Defendants are not seeking at this time a stay of Plaintiffs' claims against any other parties in either *Klayman I* or *Klayman v. Obama*, No. 1:13-cv-00881-RJL (*Klayman II*), and in particular are not requesting a stay of proceedings on either:  (1) the Motion To Dismiss Claims Against the Verizon Defendants, or in the Alternative for Summary Judgment, Submitted by Defendant [DOJ] Pursuant to Section 802 of the Foreign Intelligence Surveillance Act, 50 U.S.C. § 1885a(a) (*Klayman I*, ECF No. 52); or (2) the Verizon Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (*Klayman I*, ECF No. 56).

For the reasons that follow, the Government Defendants' request to stay proceedings against them in *Klayman I* and *Klayman II* pending appeal of the preliminary injunction in *Klayman I* should be granted.[2]

## PROCEEDINGS TO DATE

Plaintiffs in these cases seek to invalidate important means by which the NSA, acting under authority of orders issued by the Foreign Intelligence Surveillance Court (FISC), has gathered information about communications among known and unknown terrorist actors in order to thwart future terrorist attacks on the United States and its people.  Plaintiffs allege that the challenged NSA intelligence-gathering activities constitute a single "mass warrantless surveillance program," called PRISM, in which the NSA collects both the contents of, and metadata about, Americans' telephone and Internet-based communications, and exploits this information to build "comprehensive profiles" of ordinary Americans revealing intimate details about their lives and personal associations.  *Klayman I*, Second Amended Compl. (ECF No. 37)

---

[2]  Pursuant to Local Rule 7(m), undersigned counsel conferred by electronic mail with counsel for Plaintiffs, and was advised that Plaintiffs oppose the Government Defendants' request for a stay of proceedings against them pending appeal.  Counsel for Defendants Verizon Communications, Inc., and Lowell McAdam (the "Verizon Defendants") have authorized the Government Defendants to inform the Court that they consent to the requested stay.

("*Klayman I* Compl.") ¶¶ 2-3; *Klayman II*, Amended Compl. (ECF No. 30) ("*Klayman II*

Compl.") ¶¶ 3-9.  Plaintiffs maintain that the NSA's alleged collection of electronic

communications involving suspected foreign terrorists located abroad, and bulk collection of

telephony and Internet metadata, all conducted with the alleged assistance of the defendant

telecommunications service providers, (1) exceed the Government's authority conferred by the

Foreign Intelligence Surveillance Act (FISA), *see Klayman I* Compl. ¶¶ 96-99, (2) violate the

First, Fourth, and Fifth Amendments to the Constitution, *see id.* ¶¶ 49-69, and (3) constitute

tortious intrusion upon seclusion, intentional infliction of emotional distress, and violations of

the Stored Communications Act, *see id.* ¶¶ 70-80; *Klayman II* Compl. ¶¶ 101-15.  *See also

Klayman II* Compl. ¶¶ 69-100, 116-19.

Plaintiffs have indicated in their pleadings (and during argument on their motions for

preliminary injunctions) that they intend to pursue discovery to obtain "full disclosure and a

complete accounting" of what the Government Defendants (and other Defendants in these cases)

"have done [or been] allowed to do" in connection with the challenged NSA intelligence

programs; "identification of any and all 'targets' subject to Defendants' surveillance"; and

production of "all other relevant reports, risk assessments, memoranda, and other documents."

They also seek court-ordered security clearances for Plaintiffs' counsel in order to conduct such

discovery.  *Klayman I* Compl. ¶¶ 101-02; *Klayman II* Compl. ¶¶ 121-22.

On October 29, 2013, Plaintiffs moved in both cases for preliminary injunctions based on

their claims that the NSA's alleged intelligence-gathering activities exceed the Government's

statutory authority and violate the First, Fourth, and Fifth Amendments to the Constitution.

*Klayman I*, ECF No. 13; *Klayman II*, ECF No. 10.  On December 16, 2013, the Court granted

Plaintiffs Klayman and Michael Strange a preliminary injunction, in *Klayman I*, prohibiting any

continued NSA collection or maintenance of metadata associated with their telephone communications as part of the NSA's bulk telephony metadata program. *Klayman I*, ECF No. 49. Although the Court held that it lacked jurisdiction to consider the merits of Plaintiffs' statutory claim under the Administrative Procedure Act (APA), *Klayman I*, Memorandum Opinion, ECF No. 48 ("Mem. Op.") at 23-31, it found that Plaintiffs have standing to bring their constitutional claims against the telephony metadata program, concluding that the NSA "*must have collected*" metadata of their telephone calls because they are customers of Verizon Wireless, *id.* at 36-38 (emphasis in original). The Court then concluded that Plaintiffs have shown a likelihood of success on the merits of their Fourth Amendment claim, and that the infringement of their Fourth-Amendment rights constitutes irreparable injury. *Id.* at 42-65. (The Court did not reach the merits of Plaintiffs' other constitutional claims. *See id.* at 5 n.7.) Citing "the significant national security interests at stake," and what it described as "the novelty of the constitutional issues," the Court *sua sponte* stayed its injunction pending appeal. *Id.* at 67.

In light of the Court's December 16 ruling, the Government Defendants filed a motion to extend the deadline for their responses to the complaints in *Klayman I* and *II* from December 16, 2013, to January 10, 2014. *Klayman I*, ECF No. 51; *Klayman II*, ECF No. 43. The Court has not yet acted on that motion. In the absence of a stay, the Government Defendants anticipate that they will file a combined motion to dismiss certain claims in both cases on January 10.

Also on December 16, 2013, Defendant DOJ moved to dismiss the Verizon Defendants on the ground that, under 50 U.S.C. § 1885a, the Verizon Defendants are immune from suit for allegedly assisting the NSA in the intelligence-gathering activities implicated by Plaintiffs' claims. Motion To Dismiss Claims Against the Verizon Defendants, or in the Alternative for Summary Judgment, Submitted by Defendant [DOJ] Pursuant to Section 802 of [FISA], 50

U.S.C. § 1885a(a), *Klayman I*, ECF No. 52.  The Verizon Defendants moved to dismiss the claims against them as well, on the grounds that:  (1) they are immune from suit under section 1885a and other statutes; (2) Plaintiffs' state-law claims are preempted, and otherwise fail to state actionable claims for relief; (3) the Verizon Defendants are not proper parties to Plaintiffs' APA-based statutory claim; (4) Plaintiffs have not established their standing to assert, or plausibly stated, a claim that the contents of their communications have been unlawfully disclosed; and (5) the Verizon Defendants are not subject to personal jurisdiction in this judicial district.  *See generally* The Verizon Defendants' Motion To Dismiss Plaintiffs' Second Amended Complaint, *Klayman I*, ECF No. 55.  Both motions are still pending.

On January 3, 2014, the Government Defendants filed a notice of appeal from the Court's Memorandum Opinion and Order granting Plaintiffs Klayman's and Michael Strange's request for a preliminary injunction in *Klayman I.*   ECF No. 64.  Pursuant to statute, 28 U.S.C. § 1657, the D.C. Circuit's rules provide that the appeal will proceed on an expedited schedule for briefing and argument.  D.C. Cir. Rule 47.2(a),

## DISCUSSION

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).  In particular, "[a] trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere."  *Naegele v. Albers*, 940 F. Supp. 2d 1, 9 (D.D.C. 2013) (citing, *inter alia*, *Leyva Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) ("[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay

of an action before it, pending resolution of independent proceedings which bear upon the case.")).  *See also Hussain v. Lewis*, 848 F. Supp. 2d 1, 2 (D.D.C. 2012) (same); *Allina Health Servs. v. Sebelius*, 756 F. Supp. 2d 61, 65 (D.D.C. 2010) (same).

A stay of proceedings against the Government Defendants in these cases, pending resolution of the Government Defendants' appeal from the Court's preliminary injunction, is warranted on two separate (albeit related) grounds.  First, staying further proceedings in this Court until after the D.C. Circuit rules on the Government Defendants' appeal will avoid duplicative litigation in this Court of issues now before the D.C. Circuit on that appeal, and allow this Court to benefit from the Court of Appeals' guidance on questions of law that could be dispositive of these cases—including constitutional questions that the Court itself viewed as novel.  Mem. Op. at 67.  *See Fonville v. Dist. of Columbia*, 766 F. Supp. 2d 171, 174 (D.D.C. 2011) (staying police officer's due-process challenge to his demotion pending resolution of issue of local law by the D.C. Court of Appeals that would "likely 'narrow the issues in the pending cases and assist in the determination of the questions of law involved'") (quoting *Landis*, 299 U.S. at 253).

Second, a stay pending resolution by the D.C. Circuit of the appeal from the preliminary injunction would forestall the expenditure of significant time, effort, and resources necessary to litigate these cases until the Court of Appeals rules on the legal viability of Plaintiffs' claims and it becomes clear which issues, if any, will need to be resolved by further proceedings in this Court.  *See Allina Health*, 756 F. Supp. 2d at 65 ("[a] district court has broad discretion to stay a proceeding pending the resolution of proceedings in other courts [that] may affect the scope and necessity for the litigation").  This is a particularly acute consideration in the cases at bar, which implicate NSA intelligence programs undertaken for the protection of national security.  Further

litigation of Plaintiffs' challenges to the conduct of these programs could well risk or require

disclosure of highly sensitive information about the intelligence sources and methods involved—

information that the Government determined was not appropriate for declassification when it

publicly disclosed certain facts about these programs.  For example, if the litigation proceeds it

will ultimately become necessary to conclusively determine, as a factual matter, whether

Plaintiffs have established their standing to challenge NSA's alleged interception of the content

of their communications, and collection of metadata about those communications.  Further

litigation of this issue could risk or require disclosure of classified national security information,

such as whether Plaintiffs were the targets of or subject to NSA intelligence-gathering activities,

confirmation or denial of the identities of the telecommunications service providers from which

NSA has obtained information about individuals' communications, and other classified

information about the scope and operational details of the challenged programs.[3]

---

[3] This is the case even so far as the telephony metadata program is concerned.  The Court concluded in its preliminary-injunction opinion that the NSA "*must* have collected [telephony] metadata from" Plaintiffs' provider, Verizon Wireless, based on an inference that NSA's collection of telephony metadata is "comprehensive."  Mem. Op. at 38 (emphasis in original). Although the Government has acknowledged that the program involves the collection and aggregation of a large volume of data from multiple providers, it has not represented in this litigation, nor does the record contain any representations by the Government, that the program captures information about all (or even virtually all) telephone calls to, from, or within the United States.  *See, e.g.*, Government Defendants' Opposition to Plaintiffs' Motions for Preliminary Injunctions, *Klayman I*, ECF No. 25 ("Gov't Defs.' PI Opp.") at 8 ("[u]nder th[e] program, the FBI obtains orders from the FISC … directing *certain* telecommunications service providers to produce [call-detail records] to the NSA on a daily basis ….") (emphasis added); *id.,* Exh. C (Shea Declaration) ¶ 14 (same) and Exh. D (Holley Declaration) ¶ 6 (same).   As the FISC observed in its August 2013 decision re-authorizing the program, "production of all call detail records of all persons in the United States has never occurred under this program."  *In re Application of the FBI for an Order Requiring the Production of Tangible Things from [Redacted]*, Dkt. No. BR13-109, Amended Mem. Op. at 4 n.5 (F.I.S.C. Aug. 29, 2013) (publicly released, unclassified version).

The same is true regarding the merits of Plaintiffs' claims.  For example, even if the mere collection of information about Plaintiffs' communications constitutes a Fourth Amendment search, *see* Mem. Op. at 56, conclusively resolving the reasonableness of that search ultimately could risk or require disclosure of exceptionally sensitive and classified intelligence information regarding the nature and scope of the international terrorist threat to the United States, and the role that the NSA's intelligence-gathering activities have played in meeting that threat.  *See id.* at 57; Gov't Defs.' PI Opp. at 50-53.

As noted above, Plaintiffs have made clear their intentions to seek discovery of this kind of still-classified information, concerning targets and subjects, participating providers, and other operational details of the challenged NSA intelligence programs.  *Supra* at 3.  Disclosure of such information about the sources and methods of intelligence-gathering on which these programs depend could cause exceptionally grave damage to national security.  The Government would oppose efforts by Plaintiffs here to compel disclosure of such extraordinarily sensitive information.[4]   In addition, the Government Defendants will oppose any attempt by Plaintiffs to compel the Government to provide Plaintiffs or their counsel with security clearances in order to obtain access to any classified information at issue in these cases, because the authority to determine who may have access to classified information "is committed by law to … the Executive Branch."  *Dep't of the Navy v. Egan*, 484 U.S. 518, 527-28 (1988).

Contentious litigation over the availability of classified information to litigate these cases against the Government Defendants, and the significant risks to national security if such

---

[4]  Indeed, the Director of National Intelligence has recently asserted the state secrets privilege over this very sort of information, in similar, earlier-filed litigation concerning alleged NSA collection of the contents of and records relating to Americans' telecommunications. Public Declaration of James R. Clapper, Director of National Intelligence, ¶¶ 10, 17-19, *Jewel v. NSA*, No. 08-cv-4373-JSW (N.D. Cal.), ECF No. 168 (filed December 20, 2013).

information were disclosed, could and should be avoided by allowing the Court of Appeals to rule first on the legal viability of Plaintiffs' claims against the Government Defendants. Plaintiffs' claims against the Government Defendants should therefore be held in abeyance until the D.C. Circuit has issued a decision on the Government's pending appeal from the Court's preliminary injunction.  *See Naegele*, 940 F. Supp. 2d at 9; *Hussain*, 848 F. Supp. 2d at 2; *Allina Health*, 756 F. Supp. 2d at 65.

The Government Defendants reiterate that, at this time, they are seeking a stay only of the Plaintiffs' claims against the Government Defendants.  In particular, the Government Defendants are not requesting a stay of DOJ's motion to dismiss Plaintiffs' claims against the Verizon Defendants, or of the Verizon Defendants' own motion to dismiss.  Those motions do not turn on the constitutional questions presented by the Government Defendants' appeal to the D.C. Circuit. *See supra* at 5.  Therefore, little would be gained in terms of judicial economy or efficiency by delaying adjudication of those motions pending the Court of Appeals' ruling.  Moreover, both motions turn principally on a straightforward question of immunity from suit under 50 U.S.C. § 1885a, and should be resolved at the earliest opportunity to ensure that the Verizon Defendants receive the benefits of the statutory immunity.

## CONCLUSION

For the reasons stated above, the Government Defendants' request to stay Plaintiffs' claims against them in *Klayman I* and *Klayman II* pending resolution of the appeal from this Court's preliminary injunction in *Klayman I* should be granted.

Dated: January 8, 2014

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

JOSEPH H. HUNT
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Branch Director


 */s/ James J. Gilligan*
JAMES J. GILLIGAN
Special Litigation Counsel

MARCIA BERMAN
Senior Trial Counsel

BRYAN DEARINGER
Trial Attorney

RODNEY PATTON
Trial Attorney

U.S Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 6102
Washington, D.C.  20001
Phone: (202) 514-3358
Fax: (202) 616-8470

Counsel for the Government Defendants