## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| LARRY KLAYMAN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. |
| | ) | 1:13-cv-00851-RJL |
| v. | ) | |
| | ) | |
| BARACK OBAMA, President of the United States, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| LARRY KLAYMAN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. |
| | ) | 1:13-cv-00881-RJL |
| v. | ) | |
| | ) | |
| BARACK OBAMA, President of the United States, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## <u>GOVERNMENT DEFENDANTS' PARTIAL MOTION TO DISMISS</u>

Defendants Barack Obama, President of the United States, Eric Holder, Attorney General

of the United States, and General Keith B. Alexander, Director of the National Security Agency

(NSA), insofar as they are sued in their official capacities, together with defendants NSA and the

United States Department of Justice (collectively, the "Government Defendants") respectfully

move the Court, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss

the following claims asserted in the amended complaints in *Klayman v. Obama*, Civil Action No.

13-0851 (*Klayman I*), and *Klayman v. Obama*, Civil Action No. 13-0881 (*Klayman II*):

(1)  Plaintiffs' Administrative Procedure Act (APA) claims that the challenged NSA intelligence programs exceed the Government's statutory authority, which are precluded by statute, for lack of jurisdiction;

(2)  Plaintiffs' challenge to the alleged collection of the content of their communications under Section 702 of the Foreign Intelligence Surveillance Act (FISA), and Plaintiffs' request for prospective relief from a program, discontinued in 2011, involving the collection of certain Internet metadata, both for lack of standing;

(3)  Plaintiffs' Stored Communications Act (SCA) claims, for failure to state a claim against the Government Defendants; and

(4)  Plaintiffs' common-law tort claims, so far as brought against the Government Defendants, for failure to exhaust administrative remedies under the Federal Torts Claims Act and, thus, for lack of jurisdiction.

The reasons for the Government Defendants' motion are set forth in the accompanying Memorandum of Points and Authorities.

Dated:  January 10, 2014

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

JOSEPH H. HUNT
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Branch Director

*/s/ Marcia Berman*
JAMES J. GILLIGAN
Special Litigation Counsel
MARCIA BERMAN
Senior Trial Counsel
BRYAN DEARINGER
RODNEY PATTON

Trial Attorneys
U.S Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 6102
Washington, D.C.  20001
Phone: (202) 514-2205
Fax: (202) 616-8470

Attorneys for the Government Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

LARRY KLAYMAN, *et al.*,                              )
                                                      )
                                                      )
                           Plaintiffs,                )          Civil Action No.
                                                      )          1:13-cv-00851-RJL
            v.                                        )
                                                      )
BARACK OBAMA, President of the                        )
    United States, *et al.*,                          )
                                                      )
                           Defendants.                )
_____)
                                                      )
LARRY KLAYMAN, *et al.*,                              )
                                                      )
                           Plaintiffs,                )          Civil Action No.
                                                      )          1:13-cv-00881-RJL
            v.                                        )
                                                      )
BARACK OBAMA, President of the                        )
    United States, *et al.*,                          )
                                                      )
                           Defendants.                )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF THE GOVERNMENT DEFENDANTS' PARTIAL MOTION TO DISMISS**

**INTRODUCTION**

The Government Defendants[1] respectfully move to dismiss certain of the claims asserted

in the amended complaints in *Klayman v. Obama*, Civil Action No. 13-0851 (*Klayman I*), and

*Klayman v. Obama*, Civil Action No. 13-0881 (*Klayman II*).  In the Court's December 16, 2013,

decision granting Plaintiffs Larry Klayman and Charles Strange a preliminary injunction in

*Klayman I*, ECF Nos. 48-49, *see Klayman v. Obama*, --- F. Supp. 2d ---, 2013 WL 6571596

_____

[1] Defendants Barack Obama, President of the United States, Eric Holder, Attorney
General of the United States, and General Keith B. Alexander, Director of the National Security
Agency (NSA), insofar as they are sued in their official capacities, together with defendants NSA
and the United States Department of Justice.

(D.D.C. Dec. 16, 2013) ("Mem. Op."), the Court found that Plaintiffs Klayman and Strange have standing to challenge the NSA's bulk telephony metadata program, and concluded that they are likely to succeed on their claim that the program violates the Fourth Amendment to the Constitution.  On January 3, 2013, the Government Defendants filed a notice of appeal from the Court's preliminary injunction.  *Klayman I*, ECF No. 64; *Klayman II*, ECF No. 46.  For the reasons set forth in the Government Defendants' motion for a stay of proceedings against them pending conclusion of that appeal, *Klayman I,* ECF No. 66; *Klayman II,* ECF No. 49, the Government Defendants believe that further litigation in this Court regarding the Plaintiffs' standing to challenge the telephony metadata program, the merits of their Fourth Amendment claim, and the merits of their related constitutional claims under the First and Fifth Amendments, should await the outcome of the Government's appeal to the D.C. Circuit.  Accordingly, the Government Defendants do not move to dismiss the constitutional claims at this time.

There are, however, other claims asserted in the *Klayman I* and *Klayman II* complaints that are ripe for dismissal.  Judicial review of the Plaintiffs' Administrative Procedure Act (APA) claim that the challenged NSA intelligence programs exceed the Government's statutory authority is precluded by statute, and therefore the Court lacks jurisdiction over that claim—as the Court recognized, regarding telephony metadata program, in its preliminary injunction ruling. The Court's decision also forecloses, for lack of standing, the Plaintiffs' challenge to the alleged collection of the content of their communications under Section 702 of the Foreign Intelligence Surveillance Act (FISA), as it does the Plaintiffs' request for prospective relief from a program, discontinued in 2011, involving the collection of certain Internet metadata.  Although not addressed in the preliminary-injunction litigation, the Plaintiffs have also failed to state a claim against the Government Defendants under the Stored Communications Act (SCA), and their

common-law tort claims against the Government Defendants are jurisdictionally barred by the Plaintiffs' failure to exhaust their administrative remedies under the Federal Torts Claims Act (FTCA).  Accordingly, these claims should be dismissed.

## THE PLAINTIFFS' ALLEGATIONS

The Plaintiffs allege that the challenged Government intelligence-gathering activities constitute a single "mass warrantless surveillance program," called PRISM, in which the NSA collects both "metadata" about and the contents of Americans' telecommunications, and exploits this information to build comprehensive profiles of ordinary Americans revealing intimate details about their lives and personal associations.  *Klayman II* Amended Complaint ("Am. Compl.") ¶¶ 3-6.[2]  Specifically, the Plaintiffs allege that this "secret and illegal government scheme" systematically "intercept[s] and analyze[s] vast quantities of domestic telephonic communications," including "telephony metadata" of U.S. citizens and U.S.-citizen "communications from the Internet and electronic service providers."  *Klayman I* Second Am. Compl. (SAC) ¶¶ 2-3; *Klayman II* Am. Compl. ¶¶ 2, 4-5.  The Plaintiffs further allege that every major electronic communications service provider has given the NSA direct access to their "key telecommunications databases," *Klayman II* Am. Compl. ¶ 9, allowing the Government to collect and store every Internet communication made through these services, including "E-mails, chat

---

[2]  We respectfully refer the Court to, and incorporate herein by reference, the Government Defendants' Opposition to Plaintiffs' Motions for Preliminary Injunctions (*Klayman I*, ECF No. 25; and *Klayman II*, ECF No. 21) ("Gov't Defs.' Opp."), for a discussion of the relevant statutory and factual background to the intelligence programs implicated by the Plaintiffs' claims.

For purposes of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the well-pleaded factual allegations of a complaint must be accepted as true.  *Findlay v. CitiMortgage, Inc.*, 813 F. Supp. 2d 108, 113 (D.D.C. 2011).  The Government Defendants reserve the right to contest the Plaintiffs' allegations and their ability to prove their allegations without implicating protected state secrets information.

(video/voice), videos, photos, stored data, VoIP, file transfers, video conferencing, notification of target activity (i.e. logins, etc.), online social networking details, and other special requests." *Id.* ¶¶ 7-9. The Plaintiffs contend that the NSA's alleged use of this information to build comprehensive profiles of an individual's associations, speech, and public movements impairs their "ability to communicate via telephone, email, and otherwise on the Internet, out of fear that their confidential, private, and often privileged communications are being and will be overheard by the NSA's surveillance program." *Id.* ¶¶ 4, 56.

As to the Government Defendants, the Plaintiffs claim in *Klayman I* that the NSA's bulk collection of telephony metadata (1) exceeds the authority conferred by Section 215 of the USA PATRIOT ACT, 50 U.S.C. § 1861, *Klayman I* SAC ¶¶ 96-99 (eighth claim for relief), (2) violates the First, Fourth, and Fifth Amendments, *id.* ¶¶ 49-69 (first, second, and third claims for relief), and (3) constitutes tortious intrusion upon seclusion and intentional infliction of emotional distress. *Id.* ¶¶ 70-80 (fourth and fifth claims for relief). In *Klayman II*, the Plaintiffs also assert that alleged NSA bulk collection of Internet metadata, and the targeted "PRISM" collection of electronic communications, (1) exceed the Government's statutory authority under Section 215, *Klayman II* Am. Compl. ¶¶ 116-19 (eighth claim for relief)—even though the authorities for those programs lie under FISA's pen/trap provision (50 U.S.C. § 1842) and FISA Section 702, respectively, *see* Gov't Defs.' Opp. at 13-16; (2) violate the same provisions of the Constitution, *Klayman II* Am. Compl. ¶¶ 69-89 (first, second, and third claims for relief), (3) result in the aforementioned intentional torts, *id.* ¶¶ 90-100 (fourth and fifth claims for relief), and (4) constitute a divulgence of both the content of communications and communications records in violation of the Stored Communications Act, 18 U.S.C. § 2702(a)(1)-(3). *Klayman II* Am. Compl. ¶¶ 101-15 (sixth and seventh claims for relief).

In addition to declaratory relief, compensatory and punitive damages, and the relief sought in the Plaintiffs' motions for preliminary injunctions, the Plaintiffs' amended complaints seek (1) to enjoin these NSA intelligence-gathering activities that have been authorized by the Foreign Intelligence Surveillance Court (FISC); (2) to require the NSA to "expunge[] from federal government records" all collected metadata, if any, pertaining to the Plaintiffs' communications, and return it to their respective telecommunications service providers; and (3) "a full disclosure and a complete accounting of what each Defendant and government agencies as a whole have done and allowed the DOJ and NSA to do."  *Klayman I* SAC ¶¶ 100-01; *Klayman II* Am. Compl. ¶¶ 120-21.

## ARGUMENT

The Government Defendants move for partial dismissal of the Plaintiffs' amended complaints under both Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  A "federal district court's initial obligation is to ascertain its subject matter jurisdiction," *Malyutin v. Rice*, 677 F. Supp. 2d 43, 45 (D.D.C. 2009), *aff'd*, 2010 WL 2710451 (D.C. Cir. July 6, 2010), and on a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of demonstrating that jurisdiction exists.  *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008).  A court "'may give the plaintiff's factual allegations closer scrutiny and may consider materials outside the pleadings'" in ruling on such a motion.  *Klayman v. Kollar-Kotelly*, 892 F. Supp. 2d 261, 263 (D.D.C. 2012) (Leon, J.) (internal citation omitted), *aff'd*, 2013 WL 2395909 (D.C. Cir. May 20, 2013).

To avoid dismissal of their claims on a motion to dismiss under Rule 12(b)(6), the Plaintiffs must show that their complaints "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(internal quotation omitted).  Mere "labels and conclusions," and "naked assertion[s] devoid of further factual enhancement," *id.*, are not sufficient.  Rather, considering only the well-pleaded, non-conclusory allegations of a complaint, and "assum[ing] their veracity," the court must determine whether they "plausibly give rise to an entitlement to relief."  *Id.* at 678-79 (internal quotations omitted).  To reach the level of plausibility, the well-pleaded facts must demonstrate "'more than a sheer possibility that a defendant has acted unlawfully.'"  *Jones v. Horne*, 634 F.3d 588, 596 (D.C. Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).  Facts that "are merely consistent with" a defendant's liability "stop[ ] short of the line between possibility and plausibility."  *Iqbal*, 556 U.S. at 678; *Jones*, 634 F.3d at 596.

So far as the statutory and common-law claims asserted in the amended complaints are brought against the Government Defendants, they fail to meet these requirements, and must therefore be dismissed.

## I.     THE COURT LACKS JURISDICTION OVER THE PLAINTIFFS' APA CLAIMS THAT THE CHALLENGED NSA INTELLIGENCE PROGRAMS EXCEED STATUTORY AUTHORITY

Congress has impliedly precluded judicial review of the Plaintiffs' APA-based claims that the challenged NSA intelligence-gathering activities exceed the statutory authority granted by FISA.  *Klayman I* SAC ¶¶ 96-99 (eighth claim for relief); *Klayman II* Am. Compl. ¶¶ 116-19 (eighth claim for relief).  The Court already specifically so held with regard to the telephony metadata program, *see* Mem. Op. at 23-31, and we demonstrated as much in the Government Defendants' Opposition, *see* Gov't Defs.' Opp. at 25-31, and in the Government Defendants' Supplemental Brief in Opposition to Plaintiffs' Motions for Preliminary Injunctions ("Gov't Defs.' Supp. Br.") (*Klayman I*, ECF No. 43; *Klayman II*, ECF No. 36), at 1-4, which we incorporate herein.  Thus, the APA's waiver of sovereign immunity does not apply, because

another statute that grants consent to suit, 18 U.S.C. § 2712, expressly or impliedly forbids the injunctive relief that the Plaintiffs seek.  5 U.S.C. § 702.  Indeed, none of the APA's provisions for judicial review of agency action apply here, including the waiver of sovereign immunity under 5 U.S.C. § 702, because other statutes preclude judicial review.  *Id*. § 701(a)(1).  Accordingly, the Court lacks jurisdiction over the Plaintiffs' statutory APA claims.

As the Court held, Section 215 and the structure and purpose of the FISA statutory scheme reflect Congress's intent to preclude the Plaintiffs' statutory challenge.  "Congress created a closed system of judicial review of the government's domestic foreign intelligence-gathering" that "includes no role for third parties, such as plaintiffs here, nor courts besides the FISC, such as this District Court."  Mem. Op. at 25.  More specifically, the Court found that Section 215 "expressly provides a right of judicial review of orders to produce records, but it only extends that right to the *recipients* of such orders, such as telecommunications service providers."  *Id*. at 25-26 (citing 50 U.S.C. § 1861(f); *Block v. Cmty. Nutrition Inst.*, 467 U.S. 340, 345-49 (1984)).  Congress "did think about third parties, such as persons whose records would be targeted, when it created a right to judicial review of Section [215] production orders for recipients, but it recognized that extending a similar right to third parties would make little sense in light of the secrecy of such orders."  *Id*. at 27.  "Simply put, Congress did not envision that third parties, such as plaintiffs, would even *know* about the existence of Section 1861 orders, much less challenge their legality under the statute."  *Id*.  *See also ACLU v. Clapper*, --- F. Supp. 2d ---, 2013 WL 6819708, at *12 (S.D.N.Y. Dec. 27, 2013) (holding that Section 215's provision of judicial review only to recipients of production orders, and FISA's emphasis on keeping the

7

Government's means and methods of intelligence gathering secret, show Congress's intent to preclude statutory challenges to Section 215 orders by third parties).[3]

The Court also found that 18 U.S.C. § 2712, which creates a damages action against the Government for violations of three specified provisions of FISA regarding use and disclosure of intelligence information, and which makes no provision for injunctive relief, further evidences Congress's intent to preclude actions for injunctive relief based on violations of FISA.  Mem. Op. at 31 n.30 ("[W]hen read in conjunction with FISA overall, and in light of the secret nature of FISA proceedings designed to advance intelligence-gathering for national security purposes, I agree with the Government that Section 2712's provision of a certain remedy, money damages, for violations of only certain provisions of FISA should be read to further show Congress's intent to preclude judicial review of APA claims for injunctive relief by third parties *regarding any provision of FISA*, including Section 1861.") (emphasis added).  *See also ACLU*, 2013 WL 6819708, at *10-11 (finding that 18 U.S.C. § 2712 shows Congress's intent to permit only money damage suits, and only for certain violations of FISA, not including Section 215).

Thus, because the Court lacks jurisdiction to review the Plaintiffs' statutory APA claims, they should be dismissed.

---

[3]  Like Section 215, Section 702 of FISA, under which PRISM collection occurs, provides that only an electronic communications service provider who receives a directive under Section 702 may challenge its lawfulness before the FISC.  50 U.S.C. § 1881a(h)(4), (6).  *See also Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1154 (2013).  Thus, any claim by the Plaintiffs that the NSA exceeded its statutory authority in collecting their communications under PRISM—should it survive the significant standing problems discussed below—would be impliedly precluded as well.

II.   **ANY CLAIMS PREDICATED UPON THE ALLEGED COLLECTION OF THE CONTENT OF THE PLAINTIFFS' COMMUNICATIONS UNDER FISA SECTION 702 MUST BE DISMISSED FOR LACK OF STANDING**

The Court should also dismiss for lack of standing any claims predicated upon the Plaintiffs' challenge to the collection of the content of any of their communications under the "PRISM" program. *See, e.g.*, *Klayman II* Am. Compl. ¶¶ 48, 55. As the Court noted in its preliminary injunction decision, "PRISM" collection occurs pursuant to Section 702 of FISA (50 U.S.C. § 1881a), which authorizes the Government to target the communications of non-U.S. persons, reasonably believed to be located outside the United States, to acquire foreign intelligence information. Mem. Op. at 4 n.6; *see also* Gov't Defs.' Opp. at 13-15. But, as the Court found, the Plaintiffs have not alleged sufficient facts to show that the NSA has targeted (or imminently will target) their communications for such content collection, nor have they even alleged that they communicate with anyone reasonably believed to be outside the United States. Mem. Op. at 4-5 n.6. That being the case, the Plaintiffs' allegations are "even less colorable"— and are thus insufficient to establish standing—than those the Supreme Court recently found wanting in a suit "concern[ing] the same statutory provision." *Id.* (citing *Amnesty Int'l*, 133 S. Ct. 1138). Accordingly, so far as the Plaintiffs' claims are predicated upon alleged content-collection under Section 702, they are foreclosed for lack of standing "as squarely dictated" by recent Supreme Court precedent. Mem. Op. at 4 n.6.[4]

---

[4]   Similarly, the Plaintiffs have no standing to seek prospective relief regarding the bulk collection of certain Internet metadata pursuant to FISA's pen/trap provision, 50 U.S.C. § 1842. *See, e.g.*, *Klayman II* Am. Compl. ¶¶ 72, 87. As the Court noted in its recent decision, this collection "was discontinued in 2011," Mem. Op. at 4 n.6 (citing Gov't Defs.' Opp. at 15-16, 44-45), such that "there is no possible ongoing harm that could be remedied by injunctive relief." *Id.* Accordingly, the Plaintiffs do not have standing to seek this prospective relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 105-06 (1983) (no standing to seek prospective injunctive relief without a real and immediate threat of cognizable injury); *Coalition for Mercury-Free Drugs v. Sebelius*, 671 F.3d 1275, 1279-80 (D.C. Cir. 2012) (same).

## III.    THE PLAINTIFFS' STORED COMMUNICATIONS ACT CLAIMS, TO THE EXTENT THEY ARE BROUGHT AGAINST THE GOVERNMENT DEFENDANTS, SHOULD BE DISMISSED

In their sixth and seventh claims for relief in *Klayman II*, the Plaintiffs allege knowing and intentional divulgence of the contents of their communications, and of records pertaining to their communications, in violation of the Stored Communications Act (SCA), 18 U.S.C. § 2702(a)(1)-(3), for which they seek equitable and monetary relief under 18 U.S.C. § 2707. *Klayman II* Am. Compl. ¶¶ 101-15.  To the extent that the Plaintiffs intend to assert these claims against the Government Defendants, they should be dismissed.[5]

As a threshold matter, it is not clear whether the Plaintiffs mean to assert these claims against the Government Defendants.  The claims are captioned as being brought against "Each and Every Defendant," but the allegations made under each claim are asserted only against the private-party telecommunications service providers, not the Government Defendants.  *See, e.g., Klayman II* Am. Compl. ¶ 111 ("Defendants, providers of remote computing service and electronic communication services to the public, knowingly or intentionally divulged records or other information pertaining to Plaintiffs and Class members to a governmental entity in violation of 18 U.S.C. § 2702(a)(3).").

Regardless of the Plaintiffs' intentions, their sixth and seventh claims plead no actionable grounds for relief against the Government Defendants.  The SCA, subject to enumerated exceptions, prohibits a "person or entity providing an electronic communication service to the public," and a "person or entity providing remote computing service to the public," from knowingly divulging "the contents of a communication which is carried or maintained on that

---

[5]  The similar SCA claims in *Klayman I* are asserted only against defendants Verizon Communications, Inc. and its Chief Executive Officer, Lowell A. McAdam.  *Klayman I* SAC ¶¶ 81-95 (sixth and seventh claims for relief).

service" to any other person or entity.  18 U.S.C. § 2702(a)(1), (2).  Subject to the same

exceptions, the statute also prohibits providers of electronic communication or remote computing

services from divulging records pertaining to their subscribers or customers to any governmental

entity.  *Id.* § 2702(a)(3).  Thus, section 2702(a), by its terms, does not apply to the conduct of

U.S. Government agencies and their employees, including the intelligence-gathering activities at

issue in these cases.  *See, e.g.*, *Quon v. Arch Wireless Operating Co.*, 445 F. Supp. 2d 1116,

1128-29 (C.D. Cal. 2006) (government defendants do not "fall within section 2702(a)'s

prohibition as they do not provide any type of electronic service to the public"), *affirmed in part,*

*rev'd in part on other grounds*, 529 F.3d 892 (9th Cir. 2008), *rev'd on other grounds*, 560 U.S.

746 (2010).

Moreover, the cause of action provided under the SCA for violations of section 2702(a),

18 U.S.C. § 2707, expressly excludes the United States from its scope.  18 U.S.C. § 2707(a)

("Except as provided in section 2703(e), any provider of electronic communication service,

subscriber, or other person aggrieved by any violation of this chapter in which the conduct

constituting the violation is engaged in with a knowing or intentional state of mind may, in a

civil action, recover from the person or entity, *other than the United States*, which engaged in

that violation such relief as may be appropriate.") (emphasis added).[6]

For all of these reasons, the sixth and seventh claims for relief in the *Klayman II* amended

complaint should be dismissed as to the Government Defendants.

---

[6] The SCA provides a separate cause of action against the United States to recover money
damages for willful violations of the SCA's prohibitions directed at Government conduct, 18
U.S.C. § 2712(a)(1), but no such action can be commenced unless the plaintiff has first presented
a claim to the appropriate department or agency of the Government under the procedures of the
Federal Tort Claims Act, *id*. § 2712(b).  The Plaintiffs have not purported to bring suit under
section 2712(a), nor have they complied with the exhaustion requirement of section 2712(b).

## IV.    THE PLAINTIFFS' TORT CLAIMS AGAINST THE GOVERNMENT DEFENDANTS SHOULD BE DISMISSED

The Plaintiffs' amended complaints set forth tort claims for intentional infliction of emotional distress and intrusion upon seclusion, and seek equitable relief and damages "in excess of $3 billion U.S. dollars," jointly and severally against "each and every defendant," including the Government Defendants—the Department of Justice, the NSA, and the individual federal defendants sued in their official capacities.  *See Klayman I* SAC ¶¶ 70-80 (fourth and fifth claims for relief); *Klayman II* Am. Compl. ¶¶ 90-100 (fourth and fifth claims for relief).  The tort claims against the Government Defendants are improper, however, because the United States is the proper party for such claims.  *See Zakiya v. United States*, 267 F. Supp. 2d 47, 57 (D.D.C. 2003) (citing *Dorman v. Thornburgh*, 740 F. Supp. 875, 879 (D.D.C. 1990)).  The Plaintiffs' tort claims against the Government Defendants must therefore be brought, if at all, against the United States pursuant to the limited waiver of sovereign immunity contained in the Federal Torts Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680.  *See Benoit v. U.S. Dep't of Agric.*, 608 F.3d 17, 20 (D.C. Cir. 2010).  The Plaintiffs have not complied, however, with the applicable exhaustion requirements for such a claim.

To maintain an FTCA claim against the United States, the Plaintiffs must "first present[] the claim to the appropriate Federal agency and [have their] claim . . . finally denied by the agency in writing," or wait six months without having received an agency disposition.  28 U.S.C. § 2675(a); *Benoit*, 608 F.3d at 20-21; *Jones v. United States*, --- F. Supp. 2d ---, 2013 WL 2474352, at *2 (D.D.C. June 5, 2013) (Leon, J.).[7]  Neither requirement is satisfied here.  Indeed,

---

[7]  The Government Defendants here refer only to the Plaintiffs' common-law tort claims for intentional infliction of emotional distress and intrusion upon seclusion.  To the extent that the Plaintiffs purport to assert constitutional claims under *Bivens* against the Department of Justice and the NSA directly, those claims are foreclosed by *FDIC v. Meyer*, 510 U.S. 471, 484-

the Plaintiffs have not alleged in any way that they have pursued, much less exhausted, their

administrative remedies under the FTCA.  Because the FTCA's exhaustion requirement is

jurisdictional, *Ali v. Rumsfeld*, 649 F.3d 762, 775 (D.C. Cir. 2011), the fourth and fifth claims for

relief in both cases, as against the Government Defendants, should be dismissed.  *Id.*[8]

## CONCLUSION

For all the foregoing reasons, the Government Defendants respectfully request that the

Court dismiss the claims discussed above for lack of jurisdiction or for failure to state a claim.

Dated:  January 10, 2014                              Respectfully submitted,

                                                      STUART F. DELERY
                                                      Assistant Attorney General

                                                      JOSEPH H. HUNT
                                                      Director, Federal Programs Branch

                                                      ANTHONY J. COPPOLINO
                                                      Deputy Branch Director

                                                      */s/ Marcia Berman*
                                                      JAMES J. GILLIGAN
                                                      Special Litigation Counsel
                                                      MARCIA BERMAN
                                                      Senior Trial Counsel
                                                      BRYAN DEARINGER

---

86 (1994) (rejecting extension of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), to suits against federal agencies).

[8] This motion does not address the Plaintiffs' constitutional tort claims against the individual federal defendants in their personal capacities.  Those defendants have not yet been served with process and so are not properly before the Court.  They therefore retain their right to raise any defenses available to them if and when that becomes necessary.  That said, many of the arguments that the Government Defendants have raised in this motion, if accepted by the Court, necessarily would lead to the dismissal of the corresponding individual-capacity claims as well.  Indeed, the Court may dismiss the individual federal defendants on the alternative ground that it has now been approximately 210 days since the Plaintiffs filed these actions, but they have yet to serve the individual federal defendants, *see* Fed. R. Civ. P. 4(i)(3), and have no good cause for their failure to do so, *see id.* 4(m).  *See Ivanov v. Sunset Pools Mgmt. Inc.*, 524 F. Supp. 2d 13, 15 (D.D.C. 2007) (Leon, J.) (dismissing all claims against certain defendant for failure to serve under Rule 4(m)).

RODNEY PATTON
Trial Attorneys
U.S Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 6102
Washington, D.C.  20001
Phone: (202) 514-2205
Fax: (202) 616-8470

Attorneys for the Government Defendants