IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, on behalf of himself<br>and all others similarly situated,<br>2020 Pennsylvania Ave. NW<br>Suite 800<br>Washington, DC 20006<br><br>and<br><br>CHARLES AND MARY ANN STRANGE, on behalf<br>of themselves and all others similarly situated,<br>Philadelphia, Pennsylvania<br><br>     Plaintiffs,<br>v.<br><br>BARACK HUSSEIN OBAMA II,<br>1600 Pennsylvania Ave. NW<br>Washington, DC 20500<br><br>and<br><br>ERIC HIMPTON HOLDER, JR.,<br>555 Fourth St. NW<br>Washington, DC 20530<br><br>and<br><br>KEITH B. ALEXANDER<br>Director of the National Security Agency,<br>9800 Savage Rd.<br>Fort Meade, MD 20755<br><br>and<br><br>ROGER VINSON,<br>Judge, U.S. Foreign Intelligence Surveillance Court<br>950 Pennsylvania Ave. NW<br>Washington, DC 20530<br><br>and | Civil Action No. 13-CV-851<br><br><br><br><br><br><br><br><br><br><br><br>**THIRD AMENDED COMPLAINT** |

1

NATIONAL SECURITY AGENCY,
9800 Savage Rd.
Fort Meade, MD 20755

and

THE U.S. DEPARTMENT OF JUSTICE,
950 Pennsylvania Ave. NW
Washington, DC 20530

   Defendants.

Plaintiff, Larry Klayman, a former U.S. Department of Justice prosecutor, and Plaintiffs Charles and Mary Ann Strange (collectively "Plaintiffs") hereby sue Barack Hussein Obama, Eric Holder, Keith B. Alexander, Roger Vinson, the U.S. Department of Justice ("DOJ"), and the National Security Agency ("NSA"), (collectively "Defendants"), in their personal and official capacities, for violating Plaintiffs' constitutional rights, Plaintiffs' reasonable expectation of privacy, free speech and association, right to be free of unreasonable searches and seizures, and due process rights for directly and proximately causing Plaintiffs mental and physical pain and suffering and harm as a result of the below pled illegal and criminal acts. Plaintiffs allege as follows:

## INTRODUCTION

1. This is an action for violations of the First, Fourth, and Fifth Amendments to the U.S. Constitution. This is also an action for violations of privacy, freedom of expression and association, due process, and other illegal acts. Plaintiffs bring this action on behalf of themselves and all other similarly situated consumers, users, and U.S. citizens who are customers and users of Verizon Communications (hereinafter collectively "Verizon") and any other Verizon affiliates or subsidiaries.

2. This case challenges the legality of Defendants' participation and conduct in a secret and illegal government scheme to intercept and analyze vast quantities of domestic telephonic communications. Specifically, on June 5, 2013, The Guardian posted a classified order from the secretive Foreign Intelligence Surveillance Court directing Verizon to turn over, "on an ongoing daily basis," the following tangible things: "All call detail records or "telephony metadata" created by Verizon for communications (i) between the United States and abroad; or (ii) wholly within the United States, including local telephone calls."

3. This would give the NSA over one hundred millions phone records on a daily basis. The information would also include a list of all the people that Verizon customers call and who called them; how long they spoke; and perhaps, where they were on a given day. Further, there is nothing in the order requiring the government to destroy the records after a certain amount of time nor are there any provisions limiting who can see and hear the data.

4. The order, issued and signed by Judge Roger Vinson, violates the U.S. Constitution and also federal laws, including, but not limited to, the outrageous breach of privacy, freedom of speech, freedom of association, and the due process rights of American citizens.

5. This surveillance program was authorized and ordered by the President and undertaken by the NSA and the other Defendants, intercepting and analyzing the communications of hundreds of millions of Americans. Prior to this disclosure and revelation, Plaintiffs had no reasonable opportunity to discover the existence of the surveillance program or the violation of the laws alleged herein.

6. Verizon maintains domestic and international telecommunications facilities over which hundreds of millions of Americans' telephone communications pass every day. They also

manage some of the largest databases in the world containing records of most or all communications made through their myriad telecommunications services and operations.

7. Verizon has opened its key telecommunication databases to direct access by the NSA and/or other government agencies, intercepting and disclosing to the government the contents of its customers as well as detailed communication which include but are not limited to telephonic and internet metadata records with regard to over one hundred million of its customers, including Plaintiffs. Verizon continues to assist the government in its secret surveillance of over one hundred million of ordinary Americans citizens just on a daily basis, both domestically and with regard to overseas calls and internet communications of the Plaintiffs and others; such as email and text messages.

8. Plaintiffs are suing for declaratory relief, damages, and injunctive relief to stop this illegal conduct and hold Defendants, individually and collectively, responsible for their illegal collaboration in the surveillance program, which has violated the law and damaged the fundamental freedoms of American citizens.

## THE PARTIES

9. Plaintiff Larry Klayman is an individual and an attorney who is a subscriber and user of Verizon at all material times. In fact, on information and belief, Plaintiff Larry Klayman has been a subscriber and user of Verizon for many years. Plaintiff Larry Klayman resided in the District of Columbia ("D.C") for over twenty years and continues to conduct business in Washington, D.C. as the Chairman and General Counsel of Freedom Watch and otherwise. Plaintiff Larry Klayman is a public advocate and has filed lawsuits against President Obama and has been highly critical of the Obama administration as a whole. On information and belief, Defendants have accessed telephonic and internet records, both domestic and international communications pertaining to Plaintiff Larry Klayman pursuant to the Order

issued by Defendant Vinson in addition to accessing his telephone and internet conversations.

10. Plaintiff Klayman also routinely sends and receives e-mails, texts and telephone communications to and from Israel, Italy, France, Great Britain, Germany, Belgium and other nations which have very large Muslim populations and where terrorist cells are bred and located and thus where terrorist attacks have been perpetrated resulting in numerous deaths and maimed persons.

11. In light of Plaintiff Klayman's foreign contacts and communications, including frequent telephone calls, texts and e-mail correspondence and communications, both domestic and overseas, the Defendants would have inevitably been monitoring Plaintiff Klayman in the ordinary course of their surveillance.  In fact, given Plaintiff Klayman's contacts in the regions he has traveled to, Plaintiff Klayman was undoubtedly targeted by the Defendants and his domestic and foreign communications gathered and under surveillance.

12. Plaintiffs Charles and Mary Ann Strange are the parents of Michael Strange, a member of Navy SEAL Team VI who was killed when the helicopter he was in was attacked and shot down by terrorist Taliban jihadists in Afghanistan on August 6, 2011. Both Charles Strange and Mary Ann Strange at all material times were and remain subscribers and users of Verizon. Defendants have accessed Plaintiffs Charles and Mary Ann Strange's phone and internet metadata and content records particularly since these Plaintiffs have been vocal about their criticism of President Obama as commander-in-chief, his administration, and the U.S. military regarding the circumstances surrounding the shoot down of their son's helicopter in Afghanistan, which resulted in the death of their son and other Navy Seal Team VI members and special operation forces. Plaintiffs Charles and Mary Ann Strange have

substantial connections with Washington, D.C., as they hold press conferences in Washington, D.C. and lobby in Washington, D.C. as an advocate for their son and to obtain justice for him, as well as to change the policies and orders of President Obama and the U.S. military's acts and practices, which contributed to their son's death. Plaintiffs Charles and Mary Ann Strange also make telephone calls, send and receive texts and e-mails to and from foreign countries. Specifically, they have received threatening e-mails and texts from overseas, in particular Afghanistan.

13. Defendant Barack Hussein Obama ("Obama") is the President of the United States and currently resides in Washington, D.C.

14. Defendant Eric Holder ("Holder") is the Attorney General of the United States and conducts his duties as the Attorney General in Washington, D.C.

15. The National Security Agency ("NSA") is an intelligence agency of the U.S. Department of Defense and conduct its duties in Washington, D.C.

16. Defendant Keith B. Alexander ("Alexander") is the Director of the National Security Agency. He is also the commander of the U.S. Cyber Command, where he is responsible for planning, coordinating, and conducting operations of computer networks. He is also at the command for U.S. National Security Information system protection responsibilities. He conducts his duties for the National Security Agency in Washington, D.C.

17. The U.S. Department of Justice ("DOJ") is a U.S. federal executive department responsible for the enforcement of the law and administration of justice, and its headquarters is located in Washington, D.C., where it conducts most of its activities and business.

18. Defendant Roger Vinson ("Vinson") is a judge to the U.S. Foreign Intelligence Surveillance Court.

19. All of these Defendants, each and every one of them, jointly and severally, acted in concert to violate the constitutional privacy rights, free speech, freedom of association, due process and other legal rights of Plaintiffs.

## **JURISDICTION AND VENUE**

20. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331 (Federal Question Jurisdiction).

21. Jurisdiction and venue are proper pursuant to 28 U.S.C. §1331, which states in pertinent part, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." At issue here is the unconstitutional violation of Plaintiffs' rights under the First, Fourth, and Fifth Amendments to the U.S. Constitution.

22. Supplemental jurisdiction is also proper under 28 U.S.C. §1367, which states in pertinent part, " . . .in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

23. Plaintiffs are informed, believes and thereon alleges that, based on the places of business of the Defendants and/or on the national reach of Defendants, a substantial part of the events giving rise to the claims herein alleged occurred in this district and that Defendants and/or agents of Defendants may be found in this district.

## **STANDING**

24. Plaintiffs bring this action because they have been directly affected, victimized and severely damaged by the unlawful conduct complained herein. Their injuries are proximately related

to the egregious, illegal and criminal acts of Defendants Obama, Holder, Alexander, Vinson, the DOJ, and the NSA, each and every one of them, jointly and severely.

## STATEMENT OF FACTS

25. The NSA began a classified surveillance program to intercept the telephone communications of persons inside the United States, a program that continues to this date. The U.S. government, on the orders authorization of the President, the Attorney General, the DOJ and the NSA, has obtained a top secret court order that directs Verizon to turn over the telephone records of over one hundred million Americans to the NSA on an ongoing daily basis.

26. On April 25, 2013, Defendant Judge Roger Vinson, acting in his official and personal capacities and under the authority of Defendant Obama, his Attorney General and the DOJ, ordered that the Custodian of Records shall produce the production of tangible things from Verizon Business Network Services, Inc. on behalf of MCI Communication Services Inc, individually and collectively, to the NSA and continue production on an ongoing daily basis thereafter.

27. Defendant Vinson ordered access to electronic copies of the following tangible things: all call detail records or "telephony metadata" created by Verizon for communications (i) between the United States and abroad; or (ii) wholly within the United States, including local telephone calls. Telephony metadata includes comprehensive communications routing information, including but not limited to session identifying information (e.g. originating and terminating telephone number, International Mobile Subscriber Identity (IMSI) number, International Mobile station Equipment Identity (IMEI) number, etc.) trunk identifier, telephone calling card numbers, and time and duration of call.

28. Defendant Vinson's Order requires Verizon to turn over originating and terminating telephone numbers as well as the location, time, and duration of the calls. In essence, the Order gives the NSA blanket access to the records of over a hundred million of Verizon customers' domestic and foreign phone calls made between April 25, 2013, when the Order was signed, and July 19, 2013, when the Order is supposed to, on its face, expire.

29. Defendant Vinson, in an attempt to keep his illegal acts and those of other Defendants as a secret, further ordered that no person shall disclose to any other person that the FBI or NSA has sought or obtained tangible things under his order.

30. Based on knowledge and belief, this Order issued by Defendant Vinson is the broadest surveillance order to ever have been issued; it requires no level of reasonable suspicion or probable cause and incredibly applies to all Verizon subscribers and users anywhere in the United States and overseas.

31. Defendant Vinson's Order shows for the first time that, under Defendant Obama's administration, the communication records of over one hundred million of U.S. citizens are being collected indiscriminately and in bulk - regardless of whether there is reasonable suspicion or any "probable cause" of any wrongdoing.

32. On June 5, 2013, The Guardian published an article entitled, "NSA collecting phone records of millions of Verizon customers daily. Exclusive: Top secret court order requiring Verizon to hand over all call data shows scale of domestic surveillance under Obama."

33. Since June 5, 2013, Defendants Obama, Holder, Alexander, Vinson, the DOJ, and the NSA have been widely condemned among American citizens regarding their failure to uphold the U.S. Constitution and intentionally violating the fundamental rights of Plaintiffs and over one hundred million of other Americans.

34. As just one example, Senator Rand Paul called the surveillance of Verizon phone records "an astounding assault on the constitution," and has called for a class action lawsuit.

35. In fact, the news of Judge Vinson's Order comes as the Obama administration is under fire following revelations that the DOJ has seized two months of telephone records of a number of Associated Press' reporters and editors, claiming that the requests were part of an investigation into the leak of classified information, as well as the telephone records and emails of reporters and management of Fox News. This is thus a pattern of egregious ongoing illegal, criminal activity.

36. Such schemes by the Defendants in concert with the government have subjected untold number of innocent people to the constant surveillance of government agents. As Jameel Jaffeer, the ACLU's deputy legal director, stated, "It is beyond Orwellian, and it provides further evidence of the extent to which basic democratic rights are being surrendered in secret to the demands of unaccountable intelligence agencies."

37. To date, Defendants have not issued substantive and meaningful explanations to the American people describing what has occurred. To the contrary, criminal charges are reportedly being pursued by Defendants Obama, Holder, the DOJ, and the NSA against the leakers of this plot against American citizens in a further effort suppress, obstruct justice, and to keep Defendants' illegal actions as secret as possible.

## FIRST CLAIM FOR RELIEF
**(Fifth Amendment Violation – Defendants Obama, Holder, Alexander, and Vinson)**
**(Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics)**

38. Plaintiffs repeat and reallege all of the previous allegations in paragraphs 1 through 37 of this Third Amended Complaint with the same force and affect, as if fully set forth herein again at length.

39. Plaintiffs enjoy a liberty interest in their personal security and in being free from the Defendants' and the government's use of unnecessary and excessive force or intrusion against his person.

40. Plaintiffs enjoy a liberty of not being deprived of life without due process of law, as guaranteed by the Fifth Amendment to the U.S. Constitution.

41. Defendants Obama, Holder, Alexander, the DOJ, and the NSA violated Plaintiffs' constitutional rights when they caused Defendant Vinson's order to be illegally granted, thereby giving the government and themselves unlimited authority to obtain telephone data for a specified amount of time.

42. By reason of the wrongful conduct of the Defendants, each and every one of them, jointly and severally, Plaintiffs suffered and continue to suffer from severe emotional distress and physical harm, pecuniary and economic damage, loss of services, and loss of society accordingly.

43. These violations are compensable under *Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). As a direct and proximate result of the intentional and willful actions of Defendants Obama, Holder, and Alexander, and Vinson, Plaintiffs demand judgment be entered against Defendants Obama, Holder, and Alexander, and Vinson, each and every one of them, jointly and severally, including an award of compensatory and actual damages, punitive damages, equitable relief, reasonable attorneys fees, pre-judgment interest, post-interest and costs, and an award in an amount in excess of $3 billion U.S. dollars, and such other relief as the Court may deem just and proper. Plaintiffs demand declaratory and injunctive and other equitable relief against all of Defendants as set forth below.

**SECOND CLAIM FOR RELIEF**
**(First Amendment Violation - Defendants Obama, Holder, Alexander, and Vinson)**
**(Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics)**

44. Plaintiffs repeat and reallege all of the previous allegations in paragraphs 1 through 43 of this Third Amended Complaint with the same force and affect, as if fully set forth herein again at length.

45. Defendants Obama, Holder, Alexander, and Vinson, acting in their official capacity and personally, abridged and violated Plaintiffs' First Amendment right of freedom of speech and association by significantly minimizing and chilling Plaintiffs' freedom of expression and association.

46. Defendants Obama, Holder, Alexander, and Vinson's acts chill, if not "kill," speech by instilling in Plaintiffs, and over a hundred million of Americans, the fear that their personal and business conversations with other U.S. citizens and foreigners are in effect tapped and illegally surveyed.

47. In addition, Defendants Obama, Holder, Alexander, and Vinson, acting in their official capacity and personally, violated Plaintiffs' right of freedom of association by making them and others weary and fearful of contacting other persons and entities via cell phone out of fear of the misuse of government power and retaliation against these persons and entities who challenge the misuse of government power.

48. By reason of the wrongful conduct of these Defendants, Plaintiffs suffered and continue to suffer from severe emotional distress and physical harm, pecuniary and economic damage, loss of services, and loss of society accordingly.

49. These violations are compensable under *Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

50. As a direct and proximate result of the intentional and willful actions of Defendants Obama, Holder, and Alexander, and Vinson, demand that judgment be entered against Defendants Obama, Holder, and Alexander, and Vinson, each and every one of them, jointly and severally, including an award of compensatory and actual damages, punitive damages, equitable relief, reasonable attorneys fees, pre-judgment interest, post-interest and costs, and an award in an amount in excess of $3 billion U.S. dollars and such other relief as the Court may deem just and proper.

## THIRD CLAIM FOR RELIEF
**(Fourth Amendment Violation - Defendants Obama, Holder, Alexander, and Vinson)**
**(Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics)**

51. Plaintiffs repeat and reallege all of the previous allegations in paragraphs 1 through 50 of this Second Amended Complaint with the same force and affect, as if fully set forth herein again at length.

52. The Fourth Amendment provides in pertinent part that people have a right to be secure in their persons against unreasonable searches and seizures, that warrants shall not be issued but upon probable cause, and that the place of search must be described with particularity.

53. Defendants Obama, Holder, Alexander, and Vinson, acting in their official capacities and personally, violated the Fourth Amendment to the U.S. Constitution when they unreasonably searched and seized and continue to search Plaintiffs' phone records and millions of innocent U.S. citizens' records without reasonable suspicion or probable cause.

54. Defendants Obama, Holder, and Alexander, and Vinson, acting in their official capacity and personally, violated the Fourth Amendment to the U.S. Constitution by not describing with particularity the place to be searched or the person or things to be seized.

55. In fact, the blanket and vastly overbroad order issued by Defendant Vinson, acting on behalf of the federal government and therefore Defendant Obama as he is the chief executive of the federal government, as well as the other Defendants, does not state with any particularity who and what may be searched.

56. The collection and production of the phone records allows Defendant NSA to build easily and indiscriminately a comprehensive picture and profile of any individual contacted, how and when, and possibly from where, retrospectively and into the future.

57. By reason of the wrongful conduct of Defendants Obama, Holder, Alexander, and Vinson, Plaintiffs suffered and continue to suffer from severe emotional distress and physical harm, pecuniary and economic damage, loss of services, and loss of society accordingly.

58. These violations are compensable under *Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). As a direct and proximate result of the intentional and willful actions of Defendants Obama, Holder, and Alexander, and Vinson, Plaintiffs demand judgment be entered against Defendants Obama, Holder, and Alexander, and Vinson, each and every one of them, jointly and severally, including an award of compensatory and actual damages, punitive damages, equitable relief, reasonable attorneys fees, pre-judgment interest, post-interest and costs, and an award in an amount in excess of $3 billion U.S. dollars and such other relief as the Court may deem just and proper.

## PRAYER FOR RELIEF

59. Plaintiffs demand that judgment be entered against Defendants, each and every one of them, jointly and severally, for compensatory and actual damages because of Defendants' illegal actions causing this demonstrable injury to Plaintiffs, punitive damages because of Defendants' callous, reckless indifference and malicious acts, and attorneys fees and costs in

an amount in excess of $3 billion U.S. dollars and such other relief the Court may deem just and proper.

60. Plaintiffs demand declaratory, equitable and injunctive relief for their injuries in the following ways: (1) a cease and desist order to prohibit this type of illegal and criminal activity against Plaintiffs and other U.S. citizens from occurring now and in the future; (2) that all Plaintiffs' phone, texts, e-mail, internet, and social media records and communication records, whether telephonic or electronic, be returned to the provider and expunged from federal government records; and (3) a full disclosure and a complete accounting of what each Defendant as a whole has done and allowed the DOJ and NSA to do; and (4) that this Court retain jurisdiction to implement an effective judicial monitoring mechanism to insure that the Defendants do not egregiously continue, after they are enjoined, to violate the constitutional rights of the Plaintiffs and all Americans in the future, particularly since the Foreign Surveillance Intelligence Court, through judges such as Defendant Vinson, has colluded or acquiesced with Defendants in their unlawful conduct. Defendants cannot, given their documented pattern of lying under oath, deceit and unlawful unconstitutional conduct, be left on their own, without court supervision, to obey the law.

## JURY DEMAND

**Plaintiffs respectfully demands a jury trial on all issues so triable.**

Dated: February 10, 2014

                                                       Respectfully submitted,

                                                       */s/ Larry Klayman*
                                                      Larry Klayman, Esq.
                                                      General Counsel
                                                      Freedom Watch, Inc.
                                                      D.C. Bar No. 334581

        2020 Pennsylvania Ave. NW, Suite 345
        Washington, DC 20006
        Tel: (310) 595-0800
        Email: leklayman@gmail.com
        Attorney for Himself, Pro Se, and the Plaintiffs

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of February, 2014, a true and correct copy of the foregoing Third Amended Complaint (Civil Action No. 13-cv-851) was submitted electronically to the District Court for the District of Columbia and served via CM/ECF upon the following:

James J. Gilligan
Special Litigation Counsel
Civil Division, Federal Programs Branch
U.S. Department of Justice
P.O. Box 883
Washington, D.C.  20044
 (202) 514-3358
Email: James.Gilligan@usdoj.gov

Randolph D. Moss
WILMER CUTLER PICKERING HALE & DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6640
Fax: (202) 663-6363
Email: randolph.moss@wilmerhale.com

Attorneys for Defendants.

                                                  Respectfully submitted,

                                         /s/ *Larry Klayman*
                                        Larry Klayman, Esq.
                                        General Counsel
                                        Freedom Watch, Inc.
                                        D.C. Bar No. 334581
                                        2020 Pennsylvania Ave. NW, Suite 345
                                        Washington, DC 20006
                                        Tel: (310) 595-0800
                                        Email: leklayman@gmail.com