## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
LARRY KLAYMAN, *et al.*,         )
)
        Plaintiffs,    )
)       Civil Action No.
        v.        )       1:13-cv-0851(RJL)
)
BARACK OBAMA, President of the   )
  United States, *et al.*,       )
)
        Defendants.   )
_____)

## GOVERNMENT DEFENDANTS' ANSWER TO
## PLAINTIFFS' THIRD AMENDED COMPLAINT

Defendants Barack H. Obama, President of the United States, Eric H. Holder, Attorney General of the United States, and General Keith B. Alexander, Director of the National Security Agency (NSA), insofar as they are sued in their official capacities, together with Defendants U.S. Department of Justice and the NSA (collectively, the "Government Defendants"), answer Plaintiffs' Third Amended Complaint (ECF No. 77) (the "Complaint") as follows:[1]

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over the claims asserted, inasmuch as Plaintiffs have not established their standing to sue.

### SECOND DEFENSE

The Complaint fails to state a claim on which relief can be granted.

---

[1] This answer is not submitted on behalf of Defendants Obama, Holder, and Alexander in their personal as opposed to their official capacities. They retain their rights, upon being served, to plead separately and to raise any defenses available to them.

The Government Defendants answer below the numbered paragraphs of the Complaint. The averments preceding the numbered paragraphs of the complaint constitute Plaintiffs' characterization of the nature of this action, to which no answer is required.

1.      This paragraph constitutes Plaintiffs' characterization of the nature of this action, to which no response is required.

2.      The first sentence of this paragraph constitutes Plaintiffs' characterization of the nature of this action, to which no response is required.  The second sentence constitutes Plaintiffs' characterization of a Secondary Order issued on April 25, 2013, by Judge Roger Vinson of the Foreign Intelligence Surveillance Court ("FISC"), in *In re Application of the FBI for an Order Requiring the Production of Tangible Things [etc.]*, Dkt. No. BR 13-80 (F.I.S.C. Apr. 25, 2013) (hereinafter, the "Secondary Order"), to which the Court is respectfully referred for a complete and accurate statement of its contents.  To the extent Plaintiffs' characterization is inconsistent with the terms of the Secondary Order, it is denied.  Admit that *The Guardian* posted a copy of the Secondary Order on its website on June 5, 2013.

3.      To the extent that the terms "[t]his" and "phone records" as used in the first sentence of this paragraph refer to the production under the Secondary Order of call-detail records containing telephony metadata, the Government Defendants can neither admit nor deny allegations regarding the number of such records produced under the Secondary Order without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.  The second sentence is denied, and the Court is respectfully referred to the Secondary Order for a complete and accurate statement of the metadata required to be produced thereunder.  As to the third sentence, admit that the Secondary Order contains no provisions "requiring the [G]overnment to destroy the records after a certain amount of time" or "limiting who can see . . . the data," but aver that provisions of that nature are contained in the

2

declassified and publicly released version of the corresponding Primary Order issued by Judge

Vinson for the FISC in *In re Application of the FBI for an Order Requiring the Production of*

*Tangible Things [etc.]*, Dkt. No. BR 13-80 (F.I.S.C. Apr. 25, 2013) (hereinafter, the "Primary

Order").  The Court is respectfully referred to the declassified version of the Primary Order for a

complete and accurate statement of its contents.  Deny that the call-detail records collected

pursuant to the Primary and Secondary Orders include data that can be "hear[d]."

4.      Admit that the Secondary Order was signed by United States District Judge Roger

Vinson, in his capacity at the time as a judge of the FISC.  Otherwise this paragraph states

conclusions of law to which no response is required, but to the extent a response may be deemed

necessary, they are denied.

5.      <u>First sentence</u>:  The Government Defendants understand the term "surveillance

program," as used in the first sentence, to refer to the bulk telephony metadata program carried

out under authority of Section 215 of the USA-PATRIOT Act, Pub. L. No. 107-56, 115 Stat. 272

(2001) (Section 215), codified at 50 U.S.C. § 1861.  Admit that the bulk telephony metadata

program is carried out with the approval of the President, under authority of the FISC, but deny

that it is a "surveillance program."   Admit further that, in accordance with FISC orders obtained

on application by the FBI, the metadata are collected and stored by the NSA, queried by the

NSA, and the query results—a tiny fraction of the metadata collected—are analyzed by the NSA

for purposes of obtaining foreign intelligence.  Otherwise the first sentence is denied, except that

the Government Defendants can neither admit nor deny allegations regarding the number of

communications as to which the NSA collects, stores, queries, and analyzes telephony metadata

under the program without revealing or tending to reveal classified national security information

that is subject to protection from disclosure by law.

Second sentence:  The second sentence of this paragraph states conclusions of law to which no response is required, but so far as a response may be deemed necessary, they are denied, except to admit that the existence of the bulk telephony metadata program was classified until June 6, 2013.

6.      This paragraph, and in particular the use of the term "Verizon," without further specification, is too vague and ambiguous, and the Government Defendants lack sufficient knowledge or information, for the Government Defendants to form a belief as to its truth or falsity.

7.      This allegations of this paragraph, and in particular the use of the term "Verizon," without further specification, are too vague and ambiguous for the Government Defendants to form a belief as to their truth or falsity.  In addition, the Government Defendants can neither admit nor deny Plaintiffs' allegations regarding assistance provided by private parties in Government intelligence programs without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

8.      This paragraph constitutes Plaintiffs' characterization of the nature of this action, to which no response is required, but to the extent a response may be deemed necessary, it is denied.

9.      The first four sentences of this paragraph are too vague and ambiguous, and the Government Defendants lack sufficient knowledge or information, for the Government Defendants to form a belief as to their truth or falsity, except to admit that Plaintiff Larry Klayman has filed lawsuits naming President Obama as a defendant.  So far as sentence five is intended to allege that the NSA, pursuant to the Secondary Order or otherwise, has collected the content of or metadata pertaining to communications to which Plaintiff Klayman was a party, the Government Defendants can neither admit nor deny whether particular individuals have been

targets of or subject to intelligence collection activities as alleged in this paragraph without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.  So far as the phrase "in addition to accessing his telephone conversations" as used in sentence five is also intended to allege that the NSA has collected the content of communications to which Plaintiff Klayman was a party *pursuant to the Secondary Order*, the Government Defendants deny that the NSA collected the content of Plaintiff Klayman's or anyone else's communications pursuant to the Secondary Order.[2]

10.     This paragraph is too vague and ambiguous, and the Government Defendants lack sufficient knowledge or information, for the Government Defendants to form a belief as to its truth or falsity.

11.     The Government Defendants can neither admit nor deny whether particular individuals have been targets of or subject to intelligence collection activities, as alleged in this paragraph, without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.

12.     As to the first sentence, admit that Plaintiffs Charles and Mary Ann Strange are the father and step-mother of Michael Strange, a U.S. Navy Seal who died in Afghanistan on August 6, 2011, of wounds suffered when the U.S. military helicopter in which he was riding was shot down.  Sentences two, four, five, and six are too vague and ambiguous, and the Government Defendants lack sufficient knowledge or information, for the Government Defendants to form a belief as to their truth or falsity.  The Government Defendants can neither admit nor deny whether particular individuals have been targets of or subject to intelligence collection activities, as alleged in sentence three, without revealing or tending to reveal classified

---

[2]  The term "content," as used herein in connection with communications, refers to the substance, purport, or meaning  of a communication, as the term "content" is defined in 18 U.S.C. § 2510(8).

national security information that is subject to protection from disclosure by law.  The

Government Defendants deny, however, the implication that the alleged "vocal" criticism by

Plaintiffs Charles and Mary Ann Strange of "President Obama as commander-in-chief, his

administration, and the U.S. military" regarding the circumstances of Michael Strange's death

would have any bearing on whether the NSA would have collected or reviewed the contents of or

metadata pertaining to the Stranges' communications.

13.     Admit.

14.     Admit that Defendants Eric H. Holder is the Attorney General of the United

States, and aver that his principal place of business is in Washington, D.C.  Otherwise deny.

15.     Admit that the NSA is an agency of the United States Department of Defense, and

aver that its principal place of business is in Fort Meade, Maryland.  Otherwise deny.

16.     As to sentences one and two, admit that Defendant General Keith B. Alexander is

the Director of the NSA and Commander of the U.S. Cyber Command.  The remainder of

sentence two, and sentence three, are too vague and ambiguous for the Government Defendants

to form a belief as to their truth or falsity.  As to sentence four, aver that General Alexander's

principal place of business is at Fort Meade, Maryland.  Otherwise deny.

17.     Admit that Defendant U.S. Department of Justice is a department of the Executive

Branch of the U.S. Government, and aver that its mission is to enforce the law and defend the

interests of the United States according to the law; to ensure public safety against threats foreign

and domestic; to provide federal leadership in preventing and controlling crime; to seek just

punishment for those guilty of unlawful behavior; and to ensure fair and impartial administration

of justice for all Americans.   Admit that the Department of Justice is headquartered in

Washington, D.C., but the allegation that it "conducts most of its activities and business" there is

too vague and ambiguous for the Government Defendants to form a belief as to its truth or falsity.  Otherwise deny.

18.     Admit that Defendant the Honorable Roger Vinson was a member of the Foreign Intelligence Surveillance Court when he issued the Primary and Secondary Orders on April 25, 2013, but aver on information and belief that Judge Vinson's term on the FISC expired in May 2013.

19.     This paragraph states conclusions of law to which no response is required, but to the extent a response is deemed necessary, they are denied.

20.     This paragraph states a conclusion of law to which no response is required, but to the extent a response is deemed necessary, it is denied.

21.     The first sentence of this paragraph states a conclusion of law to which no response is required, but to the extent a response is deemed necessary, deny that the Court has subject matter jurisdiction over the claims asserted in this case; the Government Defendants do not contest, however, that venue is proper in this district as to them.  The second sentence of this paragraph constitutes Plaintiffs' characterization of the nature of this action, to which no response is required, but to the extent a response is deemed necessary, it is denied.

22.     This paragraph states a conclusion of law to which no response is required, but to the extent a response is deemed necessary, it is denied.

23.     The allegations contained in this paragraph are vague and ambiguous, and the Government Defendants therefore lack sufficient knowledge or information to admit or deny the allegations, except to admit that Defendants Obama, Holder, and the Department of Justice conduct official business in this district.

24.     The first sentence of this paragraph constitutes Plaintiffs' statement of their reasons for bringing this action, regarding which the Government Defendants lack sufficient

knowledge or information to form a belief as to sentence one's truth or falsity.  The Government

Defendants deny, however, that Plaintiffs have been "severely damaged" as a result of alleged

conduct by the Government Defendants.  In addition, the allegations that Plaintiffs have been

"directly affected" and "victimized" by the Government Defendants' alleged conduct are too

vague and ambiguous for the Government Defendants to form a belief as to their truth or falsity.

The second sentence states conclusions of law to which no response is required, but to the extent

a response is deemed necessary, they are denied.

25.     As to the first sentence, admit that since May 2006 the NSA has conducted the

bulk telephony metadata program pursuant to orders of the FISC, that the existence of the

program was classified until June 6, 2013, and that the program is ongoing.  Otherwise the first

sentence of this paragraph is denied.  As to the second sentence, admit that the Secondary Order

was obtained pursuant to an application to the FISC submitted by the FBI acting at the direction

of the President and the Attorney General.  The Court is respectfully referred to the Secondary

Order for a complete and accurate statement of its contents.  The Government Defendants can

neither admit nor deny allegations regarding the number of communications as to which the NSA

collected telephony metadata under the Secondary Order without revealing or tending to reveal

classified national security information that is subject to protection from disclosure by law.

Otherwise, the second sentence is denied, particularly insofar as its characterization of the

Secondary Order is inconsistent with the terms of the Order.

26.     Admit that Judge Vinson issued the Secondary Order on April 25, 2013, to which

the Court is respectfully referred for a complete and accurate statement of its contents.  To the

extent that Plaintiffs' characterization of the Secondary Order in this paragraph is inconsistent

with the terms of the Order, Plaintiffs' characterization is denied.  Deny also that Judge Vinson

acted in his personal capacity or "under authority of Defendant Obama, his Attorney General and the DOJ."

27.     This paragraph constitutes Plaintiffs' characterization of Judge Vinson's Secondary Order, to which the Court is respectfully referred for a complete and accurate statement of its contents.  To the extent Plaintiffs' characterization is inconsistent with the terms of the Secondary Order, it is denied.

28.      This paragraph constitutes Plaintiffs' characterization of Judge Vinson's Secondary Order, to which the Court is respectfully referred for a complete and accurate statement of its contents.  The Government Defendants can neither admit nor deny Plaintiffs' allegation regarding the number of records collected pursuant to the Secondary Order without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.  Otherwise, to the extent Plaintiffs' characterization is inconsistent with the terms of the Secondary Order, it is denied.

29.     Admit that Judge Vinson's Secondary Order contained a provision, in accordance with Section 215, 50 U.S.C. § 1861(d), directing "that no person shall disclose to any other person that the FBI or NSA has sought or obtained tangible things under [the] Order," except as otherwise stated therein.  The Court is respectfully referred to this provision and the Secondary Order generally for a complete and accurate statement of their contents.  Otherwise, this paragraph is denied.

30.     This paragraph constitutes Plaintiffs' characterization of the Secondary Order, to which the Court is respectfully referred for a complete and accurate statement of its contents. To the extent Plaintiffs' characterization is inconsistent with the terms of the Secondary Order, it is denied, including but not limited to Plaintiffs' characterization of the Secondary Order as a "surveillance" order.

31.     This paragraph constitutes Plaintiffs' characterization of Judge Vinson's Secondary Order, to which the Court is respectfully referred for a complete and accurate statement of its contents.  The Government Defendants can neither admit nor deny Plaintiffs' allegation regarding the number of records collected pursuant to the Secondary Order without revealing or tending to reveal classified national security information that is subject to protection from disclosure by law.  Otherwise, to the extent Plaintiffs' characterization is inconsistent with the terms of the Secondary Order, it is denied.

32.     Admit that *The Guardian* published the article referred to in this paragraph.

33.     The allegations of this paragraph are vague and ambiguous, and the Government Defendants therefore lack sufficient knowledge or information to admit or deny the allegations.

34.     Admit that on June 6, 2013, Senator Rand Paul issued a statement that "[t]he National Security Agency's seizure and surveillance of virtually all of Verizon's phone customers is an astounding assault on the Constitution."  The Court is respectfully referred to Senator Paul's statement for a complete and accurate statement of its contents.  The remaining allegations in this paragraph are vague and ambiguous, and the Government Defendants therefore lack sufficient knowledge or information to admit or deny the allegations.

35.     As to the first sentence of this paragraph, admit that Judge Vinson's Secondary Order became public on June 5, 2013, as the result of an unauthorized disclosure.  The first sentence otherwise constitutes Plaintiffs' argumentative characterization of events unrelated to their claims for relief, to which no response is required.  Deny the second sentence.

36.     Deny the first sentence.  As to the second sentence, admit that Jameel Jaffer, Deputy Legal Director of the American Civil Liberties Union (ACLU), was reported to have made the statement alleged in sentence two in an ACLU press release issued on June 5, 2013.

The Court is respectfully referred to the ACLU's press release for a complete and accurate statement of its contents.

37.     The first sentence is vague and ambiguous, and the Government Defendants therefore lack sufficient knowledge or information to admit or deny the allegations, but to the extent the phrase "what has occurred" as used in the first sentence is intended as a reference to intelligence programs whose existence has been officially declassified since June 5, 2013, it is denied.  As to the second sentence, admit that on June 14, 2013, the United States filed a criminal complaint in the United States District Court for the Eastern District of Virginia charging Edward J. Snowden with theft of government property, unauthorized communication of national defense information, and willful communication of classified communications intelligence information to an unauthorized person, under 18 U.S.C. §§ 641, 793(d), and 798(a)(3).   The Court is respectfully referred to the Criminal Complaint, No. 1:13 CR 265 (CMH) (E.D. Va.), for a complete and accurate statement of its contents.  Otherwise, deny the second sentence.

38.     The Government Defendants incorporate herein by reference their responses to paragraphs 1-37 of the Complaint.

39.     This paragraph states conclusions of law to which no response is required, but to the extent a response is deemed necessary, the Court is respectfully referred to the Fifth Amendment to the U.S. Constitution for a complete and accurate statement of its contents.

40.     This paragraph states a conclusion of law to which no response is required, but to the extent a response is deemed necessary, the Court is respectfully referred to the Fifth Amendment to the U.S. Constitution for a complete and accurate statement of its contents.

41.     This paragraph states a conclusion of law to which no response is required, but to the extent a response is deemed necessary, it is denied.

42.     To the extent this paragraph alleges "wrongful conduct" on the part of the Government Defendants, it states a conclusion of law to which no response is required, but to the extent a response is deemed necessary, it is denied.  The Government Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of this paragraph

43.     This first sentence of this paragraph states a conclusion of law to which no response is required, but to the extent a response is deemed necessary, it is denied.  The second and third sentences constitute Plaintiffs' demand for judgment, to which no response is required, but to the extent a response is deemed necessary, the Government Defendants deny that Plaintiffs are entitled to the relief demanded, or to any relief whatsoever.

44.     The Government Defendants incorporate herein by reference their responses to paragraphs 1-43 of the Complaint.

45.     This paragraph states a conclusion of law to which no response is required, but to the extent a response is deemed necessary, it is denied.

46.     Deny.

47.     This paragraph states a conclusion of law to which no response is required, but to the extent a response is deemed necessary, it is denied.

48.     To the extent this paragraph alleges "wrongful conduct" on the part of the Government Defendants, it states a conclusion of law to which no response is required, but to the extent a response is deemed necessary, it is denied.  The Government Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

49.     This paragraph states a conclusion of law to which no response is required, but to the extent a response is deemed necessary, it is denied.

50.     This paragraph constitutes Plaintiffs' demand for judgment, to which no response is required, but to the extent a response is deemed necessary, the Government Defendants deny that Plaintiffs are entitled to the relief demanded, or to any relief whatsoever.

51.     The Government Defendants incorporate herein by reference their responses to paragraphs 1-50 of the Complaint.

52.     This paragraph states a conclusion of law to which no response is required, but to the extent a response is deemed necessary, the Court is respectfully referred to the Fourth Amendment to the U.S. Constitution for a complete and accurate statement of its contents.

53.     This paragraph states a conclusion of law to which no response is required, but to the extent a response is deemed necessary, it is denied.

54.     This paragraph states a conclusion of law to which no response is required, but to the extent a response is deemed necessary, it is denied.

55.     This paragraph constitutes Plaintiffs' characterization of the Secondary Order, to which the Court is respectfully referred for a complete and accurate statement of its contents.  To the extent Plaintiffs' characterization is inconsistent with the terms of the Secondary Order, it is denied.

56.     Deny.

57.     To the extent this paragraph alleges "wrongful conduct" on the part of the Government Defendants, it states a conclusion of law to which no response is required, but to the extent a response is deemed necessary, it is denied.  The Government Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of this paragraph.

58.     The first sentence of this paragraph states a conclusion of law to which no response is required, but to the extent a response is deemed necessary, it is denied.  The second

sentence constitutes Plaintiffs' demand for judgment, to which no response is required, but to the extent a response is deemed necessary, the Government Defendants deny that Plaintiffs are entitled to the relief demanded, or to any relief whatsoever.

59-60.  Paragraphs 59-60 constitute Plaintiffs' prayer for relief, to which no response is required, but to the extent a response is deemed necessary, the Government Defendants deny that Plaintiffs are entitled to the relief prayed for, or to any relief whatsoever.

Plaintiffs' jury demand requires no response, but to the extent a response is deemed necessary, the Government Defendants deny that Plaintiffs are entitled to a trial by jury of the claims asserted in the Complaint.

WHEREFORE, having fully answered, the Government Defendants respectfully request that Plaintiffs' claims against the Government Defendants be dismissed, with prejudice, and that the Court award the Government Defendants such other and further relief as this Court may deem just and proper.

Dated:  February 14, 2014

Respectfully Submitted,

STUART F. DELERY
Assistant Attorney General

JOSEPH H. HUNT
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Branch Director

 */s/ James J. Gilligan*              
JAMES J. GILLIGAN
Special Litigation Counsel
BRYAN DEARINGER
Trial Attorney
RODNEY PATTON
Trial Attorney
U.S Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 6102
Washington, D.C.  20001
Phone: (202) 514-3358
Fax:    (202) 616-8470
Email: james.gilligan@usdoj.gov

Counsel for the Government Defendants