**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | | |
|---|---|---|
| LARRY KLAYMAN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. |
| | ) | 1:13-cv-00851-RJL |
| v. | ) | |
| | ) | |
| BARACK OBAMA, President of the United States, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
|_____| ) | |
| | ) | |
| LARRY KLAYMAN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. |
| | ) | 1:13-cv-00881-RJL |
| v. | ) | |
| | ) | |
| BARACK OBAMA, President of the United States, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
|_____| ) | |

**GOVERNMENT DEFENDANTS' OPPOSITION TO PLAINTIFFS'**
**MOTIONS FOR LEAVE TO FILE SURREPLIES TO GOVERNMENT**
**DEFENDANTS' REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS; AND**
**OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT THE RECORD**

The Government Defendants[1] hereby oppose Plaintiffs' motions for leave to file

surreplies to the Government Defendants' reply in support of their partial motion to dismiss, *see*

ECF Nos. 61, 13-881 (Pls.' Surreply Mot. I) and 63, 13-881 (Pls.' Surreply Mot. II) because

---

[1] The "Government Defendants" are defendants Barack Obama, President of the United States, Eric Holder, Attorney General of the United States, and General Keith B. Alexander, Director of the National Security Agency (NSA), insofar as they are sued in their official capacities, together with defendants NSA and the United States Department of Justice.

Plaintiffs have failed to demonstrate cause to file a surreply.[2]  There is no basis on which to authorize the filing of additional briefs because the Government Defendants' reply brief did not include any new factual material, no declarations or exhibits were attached, and the legal arguments simply responded to those raised by Plaintiffs in their opposition memorandum. Plaintiffs' attempt to advance arguments they previously made in their opposition memorandum—or had the chance to, but did not—is nothing more than a transparent effort to have the last word when they are not entitled to it.  Their motions for leave to file surreplies should be denied.

Surreplies "are disfavored in this district," *In re Papst Licensing GmbH & Co. KG Litig.*, 932 F. Supp. 2d 14, 23 n.9 (D.D.C. 2013), and are permitted "only to address new matters raised in a reply, to which a party would otherwise be unable to respond." *Pogue v. Diabetes Treatment Ctrs. of Am.*, 238 F. Supp. 2d 270, 276 (D.D.C. 2002).  The motions filed by Plaintiffs fall well short of this standard.

Plaintiffs' first motion insists that a surreply is necessary to "set the record straight prior to any oral argument," Pls.' Surreply Mot. I at 1, on whether the Government Defendants actually discontinued the bulk collection of certain Internet metadata pursuant to FISA's pen/trap provision in 2011, as we have explained and the Court recognized in its Memorandum Opinion of December 16, 2013.  *See Klayman v. Obama*, --- F. Supp. 2d ---, 2013 WL 6598728, at *4 n.6 (D.D.C. Dec. 16, 2013); *see also, e.g.*, ECF No. 51, 13-881 (Gov't Defs.' Partial MTD) at 2, 3, 9. Plaintiffs' argument that the Government Defendants' position in this regard "is legally false, *as*

---

[2]  On February 3, 2014, the Court denied the Government Defendants' Partial Motion to Dismiss *Klayman I* (13-851) as moot, in light of Plaintiffs' withdrawal of the non-constitutional claims on which the Government Defendants sought dismissal.  *See* ECF No. 55, 13-881 (Pls.' Mot. for Leave to File Second Am. Compl.) and Exh. 1 thereto; *see also* ECF No. 77, 13-851 (Third Am. Compl.).

*set forth in Plaintiffs' opposition brief*," Pls.' Mot. I at 2 (emphasis added), amounts to a

concession that the issue is not new, *see Pogue*, 238 F. Supp. 2d at 277, demonstrates that

Plaintiffs were *not* "unable to contest [this] matter" earlier, *id.*, and supports the conclusion that

additional briefing on the point is improper.[3]

      The same result obtains with respect to Plaintiffs' allegation that the Government

Defendants "misrepresent[ed]" the law, Pls.' Surreply Mot. I at 4, in arguing that they—*i.e.,* the

defendants listed *supra*, in footnote 1—are not liable for money damages under *Bivens v. Six*

*Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Plaintiffs'

argument suggests a basic misunderstanding of the difference between official and individual

capacities, and between agencies and individuals.  In any event, Plaintiffs yet again point to an

issue that is not new, but rather, one raised by the Government Defendants in their initial brief in

support of dismissal.  *See* Gov't Defs.' Partial MTD at 12-13 n.7.  More fundamentally,

Plaintiffs' argument that a legal issue has been mischaracterized, however incorrect, is not a

valid basis for authorizing a surreply.  *See, e.g.*, *Lewis*, 154 F. Supp. 2d at 61 ("Because this

contention does not involve a new matter but rather an alleged mischaracterization, the court

denies the plaintiff's motion [for leave to file a surreply]."), *and Pogue*, 238 F. Supp. 2d at 277

("A surreply is most appropriate where the new matter introduced is factual.").

---

    [3] Indeed, in light of the contents of Plaintiffs' opposition to our partial motion to dismiss,
the Government Defendants' discussion of this issue in our reply would have been proper even if
we had first addressed it in our reply—which is not the case.  *Compare* ECF No. 56, 13-881
(Pls.' Opp. to Gov't Defs.' Partial MTD) at 2, 7-10 (raising this issue), *with Banner Health v.
Sebelius*, 905 F. Supp. 2d 174, 188 (D.D.C. 2012) ("As Courts consistently observe, when
arguments raised for the first time in reply fall 'within the scope of the matters [the opposing
party] raised in opposition,' and the reply 'does not expand the scope of the issues presented,
leave to file a surreply will rarely be appropriate.'" (quoting *Crummey v. Social Sec. Admin.*, 794
F. Supp. 2d 46, 63 (D.D.C. 2011), *aff'd*, 2012 WL 556317 (D.C. Cir. Feb. 6, 2012)).

Plaintiffs' second motion fares no better.  In it, Plaintiffs seek to "supplement" the record with a recent newspaper article they claim bears on the issue of standing—an issue the parties have exhaustively briefed—in order "to give the Government Defendants notice of" the article "so they can address it, if they so desire."  Pls.' Surreply Mot. II at 2-3.  An invitation to the Government Defendants to file a surreply on a fully briefed legal issue is not a valid basis for Plaintiffs to do the same.  *See Pogue*, 238 F. Supp. 2d at 276 ("A surreply may be filed only by leave of Court, and *only to address new matters raised in a reply*, to which a party would otherwise be unable to respond.") (emphasis added).

Plaintiffs' motions for leave to file surreplies should be denied.  The Court should decide the Government Defendants' partial motion to dismiss on the briefs the parties have already submitted.

Finally, the Government Defendants oppose Plaintiffs' "Motion to Supplement the Record" (ECF No. 79, 13-851; ECF No. 58, 13-881), wherein Plaintiffs yet again attempt to "advise the Court [of], and  . . . place on the record," various newspaper articles.  *Id.* at 1.  This is their second such request.  *See* ECF. No. 46, 13-851; ECF No. 38, 13-881.  It should be denied like the first.  *See* Minute Order dated Jan. 21, 2014 (denying Plaintiffs' requests to supplement the record with media reports).[4]

Dated:  February 27, 2014

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

JOSEPH H. HUNT
Director, Federal Programs Branch

---

[4]  For the same reason, the Court should also reject what appears to be Plaintiffs' *third* attempt to supplement the record with the newspaper article referenced (and attached to) their second motion for leave to file a surreply.  *See*  Pls.' Surreply Mot. II, and Exh. 1 thereto.

4

ANTHONY J. COPPOLINO
Deputy Branch Director

JAMES J. GILLIGAN
Special Litigation Counsel

 */s/ Bryan Dearinger*
BRYAN DEARINGER
Trial Attorney

RODNEY PATTON
Trial Attorney

U.S Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 7334
Washington, D.C.  20001
Phone: (202) 514-3489
Fax: (202) 616-8202
Bryan.Dearinger@usdoj.gov

*Counsel for the Government Defendants*