IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN, *et. al*

                Plaintiffs,

v.

BARACK HUSSEIN OBAMA II, *et. al*

                Defendants.

Civil Action No. 1:13-cv-00851

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT AND TO STRIKE GOVERNMENT DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

Plaintiffs, Larry Klayman, Charles Strange, and Mary Ann Strange, hereby file this Reply In Support Of Their Motion For An Entry Of Default And To Strike Government Defendants' Answer to Plaintiffs' Third Amended Complaint pursuant to Federal Rules of Civil Procedure ("FRCP") 55(a), 55(d) and 12(f).

The Government Defendants' opposition is yet another attempt to delay the case and jerk the parties and this Court around. From the inception of this case, the Government Defendants have repeatedly attempted to postpone, stall, and delay this matter in order to and prevent this Court from ruling on the merits of this lawsuit, which arises out of the unconstitutional bulk collection of internet and telephone metadata. Now the Government Defendants are attempting to further prevent this Court from hearing the merits of this case through arguing that service of process was improper, essentially implying that the individual Government Defendants "wear two hats." However, at the time each individual Government Defendant was served, they were given notice that they were being served in both their professional and individual capacities, and

as such they were not wearing two hats, as the Government Defendants allege by drawing this distinction. Thus, this Court should respectfully grant a default and default judgment against the individual Defendants on the issue of liability.[1]

The individual Government Defendants, all of them, were properly served in compliance with the Federal Rules of Civil Procedure and the method prescribed under the rules. Specifically, the individual defendants were served via United States Postal Service Certified Mail. D.C. Superior Cr. Civ. R. 4(i)(2)(b), 4(c)(3) simply require that service be made "by mailing a copy of the summons, complaint and initial order to the person to be served by registered or certified mail, return receipt requested." Under these clear rules, service is complete upon the mailing of the summons and the complaint. The fact that return receipts were received from all the individual Defendants, except for the Honorable Roger Vinson, is conclusive evidence that not only were they sent, but that they were received by the Defendants as well.[2] Even more absurd is the fact that the Government Defendants, who had filed a notice of appearance well before the parties were even served, are now claiming that they have not accepted service and that they did not have knowledge of this lawsuit.

Further, it is inconceivable that individuals such as the President of the United States should be required to be served in any way other than through Certified Mail. In fact, Certified Mail is the only method of service that would be possible in order to serve the individual Defendants. **Yet Defendants would have this Court believe that in order for "proper" service to occur that Plaintiffs must somehow walk into The White House and personally hand President Barack Obama a copy of the summons and the Complaint.**

---

[1] This case must still go to trial on the issue of damages.
[2] Since service is completed upon <u>mailing</u>, and not upon receipt, service of Defendant Vinson is still valid, even without the return receipt having been received by Plaintiffs.

As with the discovery issues, the Government Defendants have demonstrated a consistent refusal to be forthcoming with not only Plaintiffs, but this Court and the American public as well.  Their strategic attempt to hold all the cards and hinder Plaintiffs' ability to fully and fairly litigate this case must be stopped.  In order for justice to occur, the Government Defendants must put an end to these games, and litigate the merits of the NSA spying program.

Notwithstanding that the individual defendants have been served, rather than creating further delay the individual Government Defendants could even have simply accepted service. But that obviously is not their intent; their desire is to avoid coming before the bar of justice. Even the President of the United States is not above the law. *See United States v. Nixon*, 418 U.S. 683 (1974); *Clinton v. Jones*, 520 U.S. 681 (1997)

Moreover, instead of a good faith effort to accept service, the Government Defendants are instead playing games and stalling these proceedings as much as possible.  Most recently, they have moved the U.S. Court of Appeals for the D.C. Circuit for a *two month* extension to file a dispositive motion.

The Government Defendants, who have been delegated with the responsibility of representing the American people, have duly sworn under oath to uphold the same U.S. Constitution that they are now egregiously violating by evading their duties and obligations in their attempt to circumvent the Court's processes.  However, rather than accept service, the Government Defendants are up to their "usual tricks" of avoiding litigation on the merits of this lawsuit and actually confronting their outrageous violations of Americans' constitutional rights and have instead, tirelessly implemented tactics to only delay and stall consideration of the merits of this case.

For the foregoing reasons, this Court should respectfully grant a default and a default judgment against the individual Government Defendants on the issue of liability.

Dated: March 5, 2014

                                        Respectfully submitted,

                                        */s/ Larry Klayman*
                                        Larry Klayman, Esq.
                                        General Counsel
                                        Freedom Watch, Inc.
                                        D.C. Bar No. 334581
                                        2020 Pennsylvania Ave. NW, Suite 345
                                        Washington, DC 20006
                                        Tel: (310) 595-0800
                                        Email: leklayman@gmail.com

                                        Attorney for Himself, Pro Se, and Plaintiffs

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 5th day of March, 2014, a true and correct copy of the foregoing Plaintiffs' Reply In Support Of Motion For Entry Of Default And To Strike Government Defendants' Answer To Plaintiffs' Third Amended Complaint (Civil Action No. 13-cv-851) was submitted electronically to the District Court for the District of Columbia and served via CM/ECF upon the following:


James J. Gilligan
Special Litigation Counsel
Civil Division, Federal Programs Branch
U.S. Department of Justice
P.O. Box 883
Washington, D.C. 20044
(202) 514-3358
Email: James.Gilligan@usdoj.gov

Randolph D. Moss
WILMER CUTLER PICKERING HALE & DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6640
Fax: (202) 663-6363
Email: randolph.moss@wilmerhale.com

Attorneys for Defendants.


      Respectfully submitted,

      /s/ *Larry Klayman*
      Larry Klayman, Esq.
      General Counsel
      Freedom Watch, Inc.
      D.C. Bar No. 334581
      2020 Pennsylvania Ave. NW, Suite 345
      Washington, DC 20006
      Tel: (310) 595-0800
      Email: leklayman@gmail.com