UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) Civil Action No. |
| | ) 1:13-cv-00851-RJL |
| v. | ) |
| | ) |
| BARACK OBAMA, President of the United States, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | |
| LARRY KLAYMAN, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) Civil Action No. |
| | ) 1:13-cv-00881-RJL |
| v. | ) |
| | ) |
| BARACK OBAMA, President of the United States, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPPOSITION TO PLAINTIFFS' MOTIONS TO REMOVE THE STAY OF THE PRELIMINARY INJUNCTION ORDER OF DECEMBER 16, 2013**

The Government Defendants[1] oppose Plaintiffs' motions[2] to lift the stay this Court issued *sua sponte* pending appeal of the preliminary injunction it granted in favor of Plaintiffs

---

[1] Defendants Barack Obama, President of the United States, Eric Holder, Attorney General of the United States, and General Keith B. Alexander, Director of the National Security Agency (NSA), insofar as they are sued in their official capacities, together with defendants NSA and the United States Department of Justice (DOJ). Pursuant to Federal Rule of Civil Procedure 25(d), Admiral Michael S. Rogers is automatically substituted as a party to this action in place of former NSA Director General Keith Alexander.

[2] On April 11 Plaintiffs moved in *Klayman v. Obama*, 13-cv-0851 (*Klayman I*), ECF No. 106, *Klayman v. Obama*, 13-cv-0881 (*Klayman II*), ECF No. 74, and in *Klayman v. Obama*, 14-cv-00092 (*Klayman III*), ECF No. 10, to lift the stay of this Court's December 16, 2013, preliminary injunction, even though the Court's injunction, and the corresponding stay, were not entered in *Klayman III*.

Larry Klayman and Charles Strange on December 16, 2013 ("Pl. Mot."). This Court should deny Plaintiffs' motions because nothing in their papers even addresses the Court's grounds (including the interests of national security) for issuing the stay, much less shows that the relevant circumstances have changed. Nor, contrary to Plaintiffs' charges of "obstruct[ion] and delay," Pl. Mot. at 3, does the Government's litigation of the case on appeal support lifting the stay.

Plaintiffs move to lift the stay but do so without referencing, much less applying, the applicable factors a court considers in determining whether to impose or lift a stay pending appeal. In making such a determination, a court weighs the likelihood of success on the merits on appeal, the likelihood of irreparable harm, the prospect others will be harmed, and the public interest. *See Barnstead Broad. Corp. v. Offshore Broad. Corp.*, 869 F. Supp. 35, 39 (D.D.C. 1994); *see also Luevano v. Horner*, 1988 WL 147603, at *8 (D.D.C. 1988) (granting injunctive relief but *sua sponte* staying its effect in order that "the interests of justice will best be served"). In granting in part the preliminary relief Plaintiffs sought, this Court determined at the same time that it should stay the effect of its preliminary injunction pending the outcome of the appeal "in light of the significant national security interests at stake" and "the novelty of the constitutional issues" involved. *Klayman v. Obama*, 957 F. Supp. 2d 1, 43 (D.D.C. 2013). Nothing Plaintiffs argue in their papers calls into question the national security interests or other grounds cited by the Court as reasons for entering the stay, or demonstrates that the relevant circumstances have changed.

Rather, the bulk of Plaintiffs' argument is devoted to impugning the veracity of statements made by the Government to Congress, the Foreign Intelligence Surveillance Court ("FISC"), and this Court, Pls' Mot. at 2-3, ground that Plaintiffs covered again three days later

when they filed their pending sanctions motion.  *See* Plaintiffs' Motion for Order To Show Cause [etc.], *Klayman II*, ECF No. 76.  These meritless allegations have no bearing on whether the stay of the Court's preliminary injunction should be lifted and will be addressed by the Government Defendants in their opposition to that sanctions motion.  The balance of Plaintiffs' argument for lifting the stay amounts to an assertion that the Government has done "everything possible to slow down the appellate" process (Pl. Mot. at 1) such that the appeal "will now wind its way through the court system slowly." *Id.* at 2.  This argument, too, is without merit and provides no basis for lifting this Court's stay of the preliminary injunction.

The Court entered a preliminary injunction against the Government Defendants on December 16, 2013, *see Klayman I*, ECF No. 49; *Klayman II*, ECF No. 41, and, whereas the Federal Rules of Appellate Procedure allow the United States to file a notice of appeal within 60 days of the entry of such an order, *see* Fed. R. App. P. 4, the Government Defendants noticed their appeal less than three weeks after this Court issued its decision.  *See Klayman I*, ECF No. 64; *Klayman II*, ECF No. 46.  The Court of Appeals set the dispositive motions deadline for February 27, 2014.  *See Klayman v. Obama*, No. 14-5004 (D.C. Cir.), Order (Jan. 13, 2014) (Dkt. No. 1474842).  The Government sought an extension of time to file dispositive motions, however, "to determine whether it would be appropriate to move to vacate the district court's decision in light of . . . changes" to the bulk telephony metadata program made after this Court issued its preliminary injunction.  *See* Motion for Extension of Time to File Dispositive Motions, *Klayman v. Obama*, No. 14-5004 (Dkt. No. 1481060).[3]  The Court of Appeals granted the

---

[3] The changes to the program began when, two weeks after the Government filed its notice of appeal, the President announced, on January 17, 2014, that he was "ordering a transition" that will "end" the "bulk metadata program as it currently exists."  Remarks by the President on Review of Signals Intelligence, http://www.whitehouse.gov/the-press-office/2014/01/17/ remarks-president-review-signalsintelligence.  The President directed that the

motion in part and extended the deadline to April 11, 2014.  *See Klayman v. Obama*, No. 14-5005 (D.C. Cir.), *Per Curiam* Order (Mar. 5, 2014) (Dkt. No. 1482432).

After due consideration, the Government informed the Court of Appeals on April 11 that a dispositive motion was unnecessary because the court could "take account of the recent developments" regarding the program and so the case "should proceed to briefing on the merits." Unopposed Motion to Consolidate Cases and Set a Briefing Schedule, and for Leave to File Out of Time ("Mot. to Set Briefing Schedule"), *Klayman v. Obama*, No. 14-5005 (D.C. Cir.), Dkt. No. 1488123, at 1-2.  Nothing in the foregoing supports Plaintiffs' assertion that the Government is doing "everything possible to slow down the appellate" process.  Pl. Mot. at 1.  To the contrary, upon determining that a dispositive motion on appeal was unnecessary, the Government instead moved for consolidation of the parties' various appeals and cross-appeals from this Court's December 16, 2013, order, and for entry of a briefing schedule.  *See* Mot. to Set Briefing Schedule at 2, 10-11.

Nor is there any evidence that the appeal "will now wind its way through the court system slowly."  *Id.* at 2.  It has been only four months since this Court issued its preliminary injunction and the case on appeal is now poised for briefing on the merits.  When this Court concluded that a stay of its preliminary injunction was appropriate, it "fully expect[ed] that . . . the appellate process . . . [would] consume *at least* the next six months."  *Klayman*, 957 F. Supp.

---

Government take immediate steps to implement two changes to the program.  The first requires advance findings by the FISC of reasonable, articulable suspicion that a selector used to query the metadata is associated with a foreign terrorist organization (except in emergency situations, in which case the Government must seek retrospective FISC approval of the selector).  The second limits query results to metadata within two "hops" (rather than three) of the suspected terrorist selector.  *See Klayman*, 957 F. Supp. 2d at 15-16 (describing the process by which metadata are queried to identify contacts with suspected terrorist selectors).  In February, the FISC granted the Government's motion to implement those two changes to the Section 215 program.  *See* http://www.uscourts.gov/uscourts/courts/fisc/br14-01-order.pdf (Feb. 5, 2014 FISC Order).

2d at 44 (emphasis added).  Nothing that has occurred in these cases on appeal is inconsistent with that expectation.  Accordingly, the appellate process itself provides no independent basis for revisiting the Court's stay of its preliminary injunction.

For the foregoing reasons, Plaintiffs' motions to lift the stay of the Court's preliminary injunction should be denied.

Dated:  April 28, 2014

                              Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

JOSEPH H. HUNT
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Branch Director

*/s/ Rodney Patton*
JAMES J. GILLIGAN
Special Litigation Counsel

MARCIA BERMAN
Senior Trial Counsel

BRYAN DEARINGER
RODNEY PATTON
JULIA BERMAN
Trial Attorneys
U.S Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 6102
Washington, D.C.  20001
Phone: (202) 305-7919
Fax: (202) 305-2685

Attorneys for Government Defendants