**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LARRY KLAYMAN, *et al.,*

                   Plaintiffs,

v.

BARACK OBAMA, President of the United
States, et al.*,*

                 Defendants.

Case Nos: 1:13-cv-851-RJL
             1:13-cv-881-RJL
             1:14-cv-092-RJL

Assigned to Judge Richard J. Leon

## PLAINTIFFS' SUPPLEMENT TO MOTION TO LIFT STAY PENDING APPEAL AND MOTION FOR IN CAMERA INTERVIEW AND NOTICE OF NEW CASE AUTHORITY

Plaintiffs hereby respectfully files this supplement to their motion to remove the stay that was placed on the above-styled lawsuits following the granting of a preliminary injunction against Defendants on December 16, 2013 in Case No. 1:13-cv-851 and Motion for In Camera Interview of Witness Dennis Montgomery with new case authority issued by the U.S. Court of Appeals for the Second Circuit ("Second Circuit") in *ACLU v. Clapper*, No. 14-42 (2nd Cir. May 7, 2015)(Exhibit 1).

The decision of the Second Circuit affirms in effect supports this Court's the granting of a preliminary injunction against Defendants on December 16, 2013 in Case No. 1:13-cv-851.

Accordingly, one of the most prestigious federal appellate courts has spoken and ruled against the ongoing illegality of Section 215 of the Patriot Act, 50 U.S.C. § 1861, as well as the standing of similarly situated plaintiffs to pursue their legal rights.  In this regard, the Second Circuit also ruled that standing existed under the First Amendment to the U.S. Constitution in addition to the Fourth Amendment.

In light of the inexplicable inactivity of the U.S. Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") which for over sixteen (16) months has been and continues to be inert if not indifferent, while the constitutional rights of Plaintiffs and hundreds of millions of Americans continue to be violated, it is incumbent on this Court to lift its stay that was placed on the preliminary injunction.

In addition, this Court has a duty on behalf of the Plaintiffs and the American people to conduct an in camera, ex parte interview of witness Dennis Montgomery, as he possesses relevant information and evidence which supports Plaintiffs' claims[1].  This Court has recognized that these cases are at the "pinnacle" of national importance and Mr. Montgomery must thus respectfully be interviewed immediately as his poor health may cause him to become incapacitated or die at any moment.  This procedure has been utilized by the Honorable Royce C. Lamberth in *Judicial Watch v. U.S. Department of Commerce*, Case No. 95-0133 (D.D.C. July 29, 2005).

In addition, a federal judge in Arizona has ordered in a case styled *Melendres v. Arpaio*, No. 07-2513 (D. Ariz), without legal basis, that the parties notify the Central Intelligence Agency about the alleged documents and things which Mr. Montgomery has allegedly provided to the Maricopa County Sheriff's Office.  Specifically, the judge, who is subject to a motion for disqualification due to his personal conflict of interest (Docket No. 1064), ordered that the "Counsel for Defendants will contact the chief legal counsel at the CIA, inform such legal counsel of MCSO's receipt of the alleged CIA documents, this proceeding, the Court's subsequent discovery orders and the CIA's need to seek relief, if any, with respect to such

---

[1] Counsel for Plaintiffs has not had access to or viewed the contents of the information nor does he have possession of the alleged documents and things but is instead simply creating a legal avenue for an appropriate authority, such as this Court which has a security clearance, to expeditiously obtain the information to preserve it and act accordingly on behalf not just of the Plaintiffs but the American people.

documents within 14 days of today's date." *See* Exhibit 2. Thus, the CIA may soon be inclined to confiscate these alleged documents and things in order to prevent the appropriate and legal release of this information by Mr. Montgomery to this Court, Congress, and other authorities, in an attempt to cover up the Defendants' illegal actions.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request this Court take immediate action to remove the stay of the preliminary injunction entered on December 13, 2013 and to have this Court conduct an immediate in camera, ex parte interview of witness Montgomery.

Dated:   May 12, 2015

Respectfully submitted,

 */s/ Larry Klayman*
Larry Klayman, Esq.
Freedom Watch, Inc.
D.C. Bar No. 334581
2020 Pennsylvania Ave. NW, Suite 345
Washington, DC 20006
Tel: (310) 595-0800
Email: leklayman@gmail.com

*Attorney for Plaintiffs*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of May, 2015, a true and correct copy of the foregoing (Civil Action Nos. 13-cv-851, 13-cv-881, and 14-cv-92) was submitted electronically to the District Court for the District of Columbia and served via CM/ECF upon the following:


James J. Gilligan
Special Litigation Counsel
Civil Division, Federal Programs Branch
U.S. Department of Justice
P.O. Box 883
Washington, D.C.  20044
 (202) 514-3358
Email: James.Gilligan@usdoj.gov


Attorney for Defendants.


Respectfully submitted,
 */s/ Larry Klayman*
Larry Klayman, Esq.
D.C. Bar No. 334581
2020 Pennsylvania Ave. NW, Suite 345
Washington, DC 20006
Tel: (310) 595-0800
