IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, *et al.*, | |
| Plaintiffs, | Civil Action Nos. |
| v. | 1:13-cv-00851-RJL |
| | 1:13-cv-00881-RJL |
| BARACK OBAMA, President of the United States, *et al.*, | 1:14-cv-00092-RJL |
| Defendants. | |

**THE GOVERNMENT DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENT TO MOTION TO LIFT STAY PENDING APPEAL AND MOTION FOR IN CAMERA INTERVIEW AND NOTICE OF NEW CASE AUTHORITY**

For the third time, and the second time in less than two months, Plaintiffs ask this Court to lift the stay pending appeal of its preliminary injunction entered in *Klayman v. Obama*, 957 F. Supp. 2d 1 (D.D.C. 2013). *See* ECF No. 136; *see also* ECF Nos. 106, 130.[1] On this occasion, Plaintiffs rely for support on the Second Circuit's recent decision in *ACLU v. Clapper*, No. 14-42, Slip. Op. (2d Cir. May 7, 2015). However, *ACLU* counsels in favor of retaining the Court's stay, not lifting it.

Although the Second Circuit ruled in *ACLU* that the NSA's bulk collection of telephony metadata exceeds the Government's authority under Section 215 of the USA-PATRIOT Act (a conclusion with which the Government respectfully disagrees), it affirmed the district court's denial of the plaintiffs' request for a preliminary injunction. Slip Op. at 4-5, 82. Thereupon it remanded the case to the district court to reconsider the propriety of preliminary relief, in light of the "asserted national security interests at stake," and consideration by Congress of legislation

---

[1] Citations herein to "ECF No. ___" refer to the Court's electronic docket in *Klayman v. Obama*, No. 13-cv-0851-RJL ("*Klayman I*"), unless otherwise indicated.

that would either continue or substantially modify the telephony metadata program necessitated by the June 1, 2015 sunset of Section 215. *Id.* at 94-97. *ACLU* thus reinforces that the similar restraint this Court exercised in staying its preliminary injunction, *Klayman*, 957 F. Supp. 2d at 43, remains appropriate.[2]

Plaintiffs also cite a recent order by the district court in an unrelated action, *Melendres v. Arpaio*, No. 07-2513-PHX-GMS (D. Ariz.), in support of their request for the Court to conduct an *ex parte*, *in camera* interview of third-party Dennis Montgomery. As the Government Defendants have already explained, the Court should deny Plaintiffs' request because, among other reasons, they have not shown that Mr. Montgomery possesses any knowledge or information relevant to this lawsuit, or supplied any justification for the extraordinary measure of hearing testimony on an *ex parte*, *in camera* basis. *See generally* The Government Defendants' Opposition to Plaintiffs' Motion for in Chambers and Ex Parte Interview of Witness Dennis Montgomery, ECF No. 132. Nothing in the *Melendres* order alters that conclusion.

Dated:  May 29, 2015

                                                    Respectfully submitted,

                                                    BENJAMIN C. MIZER
                                                    Principal Deputy Assistant Attorney General

                                                    JOSEPH H. HUNT
                                                    Director, Federal Programs Branch

---

[2] *ACLU* is also of no assistance to Plaintiffs on their underlying constitutional claims. The Second Circuit held only that the NSA bulk telephony metadata program exceeds the Government's statutory authority under Section 215, without reaching the constitutional issues presented. *ACLU*, Slip Op. at 90. Plaintiffs withdrew their statutory challenge to the telephony metadata program when they amended their complaints in *Klayman I*, ECF No. 77, and in *Klayman v. Obama*, No. 13-cv-0881-RJL ("*Klayman II*"), ECF No. 55-1. And while Plaintiffs are correct that the Second Circuit found that the plaintiffs in that case had standing to challenge the program's legality, the circumstances there differ from this case, *ACLU*, Slip Op. at 27, and the standing question in this case is pending decision on appeal in the D.C. Circuit.

ANTHONY J. COPPOLINO
Deputy Branch Director

JAMES J. GILLIGAN
Special Litigation Counsel

RODNEY PATTON
JULIA A. BERMAN (D.C. Bar No. 986228)
CAROLINE J. ANDERSON
Trial Attorneys

  */s/ Julia A. Berman*
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 5102
Washington, D.C.  20044
Phone: (202) 616-8480
Fax:    (202) 616-8470
E-mail:  julia.berman@usdoj.gov

Counsel for the Government Defendants