UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Case No. 13-851 (RJL) |
| ) | |
| BARACK OBAMA, ET AL., ) | |
| ) | |
| Defendants, ) | |

**FILED**
SEP 20 2016
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

MEMORANDUM ORDER
(September 19, 2016) [Dkts. #108, #166]

President Barack Obama, former Attorney General Eric Holder, former National Security Agency Director Keith Alexander, and U.S. District Court Judge Roger Vinson move to dismiss the complaint as to them in their individual capacities. Def. Alexander's Mot. Quash Service & the Individual Fed. Defs.' Mot. Dismiss Under Fed. R. Civ. P. 4(m) (hereinafter Defs.' Mot.) [Dkt. #166]. Upon consideration of the parties' pleadings and the entire record in this case, the motion is **GRANTED** and the complaint is **DISMISSED** as to the individual federal defendants for the following reasons.

The Court does not have personal jurisdiction over a federal employee sued in a *Bivens* action unless that defendant is served as an individual pursuant to Federal Rule of Civil Procedure 4(e). *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (proper service necessary for personal jurisdiction); *Simpkins v. Dist. of Columbia*, 108 F.3d 366, 368-70 (D.C. Cir. 1997) (*Bivens* actions require service on the

individual in accordance with Rule 4(e)). For a complaint filed in 2013, that service must have been effected within 120 days of the complaint being filed, unless plaintiff shows good cause for delay. Fed. R. Civ. P. 4(m) (note that the 2015 amendments to the Federal Rules of Civil Procedure reduced the time allowed to 90 days). The remedy for exceeding the 120-day time limit is dismissal. *Id.* Plaintiffs bear the burden of proving that service was proper and that the defendants were thusly brought within the personal jurisdiction of the Court within the 120-day time limit. *See Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012). Since the outset of this litigation in 2013, the individual federal defendants have maintained that the Court does not have personal jurisdiction over them because they were never properly served as individuals. *See* Tr. of Oct. 31, 2013 Status Conference, at 3:20-21 [Dkt. #59]; Gov't Defs.' Partial Mot. to Dismiss [Dkt. #68]. After years of time-sensitive litigation involving the contemporaneous operation of the federal laws that plaintiffs challenge in the instant suit, the Court now moves on to address whether the individual federal defendants are properly before the Court on plaintiffs' remaining claims for relief.

Plaintiffs claim they effectuated service on the individual federal defendants within the 120-day time limit via certified mail to the known workplaces of the individuals. *See* Pls.' Opp'n to Defs.' Mot. 2 [Dkt. #168]. Plaintiffs' return of service filings contain certified mail receipts so showing. *See* Mot. for Entry of Default Ex. 1, Attach. A [Dkt. #85-1]; Supp. Mem. Ex. 1 [Dkt. #99-1]. The sole question for this Court to resolve, therefore, is whether such a certified mailing adequately serves an officer of the federal government in his individual capacity.

Under Federal Rule of Civil Procedure 4(e), service upon an individual may be effected according to the "law of the state in which the district court is located, or in which service is effected." Under the Civil Rules of the District of Columbia Superior Court, service can be effected upon an individual "by mailing a copy of the summons, complaint and initial order to the person to be served by registered or certified mail, return receipt requested." D.C. Super. Ct. Civ. R. P. 4(c)(3). However, judges of this court have consistently construed D.C. law to require that when a plaintiff serves process via a certified mailing to an individual defendant's *workplace* rather than his home or other personal address, then plaintiff must show that the recipient at the workplace was authorized to accept service of process for the defendant as an individual. *See, e.g., Anderson v. Gates*, 20 F. Supp. 3d 114, 122-23 (D.D.C. 2013).

The plaintiffs in this case have made no such showing regarding the individual defendants' workplaces. Their return receipts for President Obama and Director Alexander have what appear to be stamps from the White House and NSA mailrooms. For Attorney General Holder and Judge Vinson, the return receipts both contain what seems to be the same signature of someone in the Justice Department, but plaintiffs have not even attempted to identify who the signer is. This evidence is insufficient to show that the certified mailings reached people who were authorized to receive service of process for President Obama, Director Alexander, Attorney General Holder, or Judge Wilson in their individual capacities.

Moreover, the proper remedy here is dismissal because plaintiffs have not offered any good reason for their delay in serving the individuals in their personal capacities.

They have been on notice of this flaw in their service since the first status conference in this case, in 2013. It is no solution that plaintiffs now offer to "again serve" the individual defendants "if the Court deems it necessary." Pls.' Opp'n 3. It is the Federal Rules of Civil Procedure, not the Court, that deem proper service of process necessary and it is this Court's job to recognize that it has no personal jurisdiction over the individual federal defendants if plaintiffs did not follow that law.

Accordingly, the Court herby **GRANTS** the motion to dismiss the complaint as to the government officials in their individual capacities.

It is further **ORDERED** that plaintiffs' motion for partial summary judgment [Dkt. #108] is **DENIED WITHOUT PREJUDICE**. As represented at the status conference of February 12, 2016, defendants have advanced several arguments for dismissing the complaint with respect to the remaining defendants, which arguments the Court must address before reaching the merits of the case as briefed in plaintiffs' motion for partial summary judgment. Because the motion to dismiss that raised those arguments [Dkt. #68] has been mooted by two subsequent amendments to the complaint (*see* Third Amended Complaint [Dkt. #77]; Fourth Amended Complaint [Dkt. #145-1] (as adopted in the minute entry of September 16, 2015)), the remaining defendants will need to reconstitute and re-file a dispositive motion in order to pursue those arguments. Accordingly, the parties are hereby **ORDERED**, within 14 days from the date of this

order, to file a joint status memo and a proposed schedule for whatever reconstituted briefing might be necessary.

**SO ORDERED.**

                                                     RICHARD J. LEON
                                                     United States District Judge